ISADORE COHEN and Another, Appellants, *v.* HARRY JAFFE and Others, Copartners, Doing Business under the Firm Name and Style of BRITENSTOOL, JAFFE & BRAMSON, Respondents.

Fourth Department, November 9, 1926.

Landlord and tenant — action to recover rent — claim for damage caused by leaky roof — defense of eviction and surrender under oral agreement — counterclaim for damages and defense of eviction properly left to jury — alleged surrender under oral agreement not shown — jury found verdict of no cause of action — general verdict cannot be sustained.

In an action to recover rent in which the defendants asserted a defense of eviction and a counterclaim for damages caused by leaks in the roof, the evidence was sufficient to raise a question for the jury.

As to the defense that the premises were surrendered under an oral agreement alleged to have been made between the defendants and the attorney for the plaintiffs, the evidence is not sufficient to establish the same, since it appears that the alleged agreement was made in February; that the defendants did not move from the premises until the thirtieth day of April, and that they made a complaint in March in reference to the leaky condition of the roof and insisted that the plaintiffs repair the roof, and furthermore, in actions brought to recover the rent for the three months immediately following the date when the defendants moved from the premises, they did not interpose a defense that the premises were surrendered under an oral agreement. It is evident, therefore, that the alleged conversation which the defendants claimed constituted an agreement for the surrender of the premises amounted to no more than an expressed willingness by the defendants to surrender and by the plaintiffs to accept at some future time.

The jury brought in a verdict of no cause of action and since it is possible that the jury found in favor of the plaintiffs on the issue of eviction both as to the defense and counterclaim and against the plaintiffs on the issue of surrender and acceptance, the verdict cannot stand, since the latter defense was not established by a preponderance of the evidence.

APPEAL by the plaintiffs, Isadore Cohen and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Erie on the 9th day of December, 1925, upon the verdict of a jury, and also from an order entered in said clerk's office on the 10th day of December, 1925, denying plaintiffs' motion for a new trial made upon the minutes.

*Israel Rumizen* [*James A. Magoffin* of counsel], for the appellants.

*Charles E. Doane* [*James O. Moore* of counsel], for the respondents.

TAYLOR, J. In April, 1922, a written lease under seal was executed by the appellants as landlords and the respondents as tenants, covering, with certain exceptions, the building located at No. 89 Seneca street, in the city of Buffalo, N. Y.; the term specified was to commence on the 1st day of May, 1922, and to end on the 1st day of May, 1927; the annual rental was $2,250, payable in equal monthly installments of $187.50, in advance, on the first day of every month. The action is for rent falling due May 1, June 1, July 1 and August 1, 1925, aggregating $750.

The lease provided that the tenants would make all repairs necessary to keep in good condition the premises and their fixtures and appurtenances. The tenants further agreed to make good any damages to the premises and their equipment, other than such as might occur from ordinary wear and tear.

The 9th paragraph of the lease provided that in case of fire, shown by the tenants to have occurred otherwise than by the act or negligence of the tenants, or someone in their right, if the premises should be partially damaged, but not rendered untenantable, they should be repaired by the landlords with all reasonable speed,

and the rent should not abate; if the premises should be so extensively damaged as to become wholly untenantable, the rent should be proportionately paid up to the time of such damage and should thereupon cease until the premises should be put in good order, or the lease terminated by either party.

The 10th paragraph provided that the landlords should not be responsible for any defect or change of condition in the premises, or for any damage to or loss of goods contained in them, by reason of any matter or thing whatever; also that the tenants should be responsible for any damage caused by them or their agents and that such damage should be repaired immediately. If extraordinary damage occurred to the structure of the building, without fault of the tenants, such as to walls, stairways or the roof, the same should be promptly repaired by the landlord.

The answer of the respondents sets up two defenses and three counterclaims. Two counterclaims were stricken out by the court without objection. The third counterclaim was for damages caused by leakage of water through the roof, caused by firemen. The defenses were, *first,* eviction because of the failure of the appellants to repair the roof and skylight claimed to have been damaged by firemen; and *second,* that prior to May 1, 1925, the appellants, for a valuable consideration, agreed to and did release and discharge the respondents from payment of further rent and from the terms and conditions of the lease upon a surrender by the respondents of the premises; and that the respondents did remove from the premises and deliver possession thereof to the appellants, before May 1, 1925.

Upon the trial the court submitted to the jury the questions at issue arising under the third counterclaim, as well as the questions arising under the two defenses. The verdict was: " No cause of action."

The testimony was such that as to the defense of eviction and the counterclaim for damages caused by leaks, jury questions were raised.

The court also permitted the jury to say whether there was a surrender of the premises by the tenants and an acceptance by the landlords; and this presents the only serious question in the case. The respondents contend that there was a termination of the lease and a surrender and acceptance pursuant to an oral agreement had between them and Mr. Rumizen, husband of one of the appellants and the attorney for both of them, in February, 1925. The respondents say that they had complained about the condition of the skylight; that Rumizen came to the building and respondents asked him what he was going to do about fixing the skylight so as to stop the water from coming down; that Rumizen became angry and said that he was sick and tired of hearing com-

plaints about the roof and that they should pay up and get out; that respondent Jaffe asked him if he would put that in writing, and Rumizen answered that it was not necessary, they could get out any time; and that Jaffe then said: "We will take you up on it." The respondents testified that they were not able to get other premises for occupancy before May 1, 1925. They moved out on the thirtieth day of April. Rumizen denied ever having had such conversation with the respondents.

The question is: If the conversation occurred in February, 1925, as respondents claim, can it be held to have brought about a surrender of the lease and the premises by the tenants and an acceptance of surrender by the landlords?

After this talk, viz., on March 1, 1925, the tenants became obligated to pay the rent for March under their lease and paid it. The same thing occurred in April. Moreover, respondents wrote a letter to the appellants, dated March 6, 1925, in which they called attention to the leaky condition of the roof and insisted that the appellants attend to it at once so that no further damage would be suffered. This would indicate that on that date there had been no completed agreement of surrender and acceptance. Both parties were then insisting upon their rights under the lease. The respondents gave no notice, either written or oral, of any time when they would exercise their claimed right of surrender.

An action was brought in the City Court of Buffalo to recover rent for the month of May, 1925. An answer was interposed, claiming eviction but setting up no defense of surrender. Like actions were brought in the months of June and July, 1925, and the answers were similar.

From these facts we conclude that the claimed transaction in February, 1925, was nothing more than a talk on the subject of terminating the lease, an expressed willingness of the one party to surrender and of the other party to accept at a future time. It was a parol executory agreement, and is to be distinguished from the case of *Lafayette Shop, Inc.*, v. *Auerbach* (175 N. Y. Supp. 133), cited by respondents, where the agreement of surrender was fully executed on both sides. In that case the court said: "The parties, by the exchange of the letters and the delivery of a check for May rent, discharged all obligations under the lease as it then existed, and in effect the estate then existing was surrendered and accepted, and a new tenancy was created on the same terms for the month of May."

A finding that the conversation in February, 1925, accomplished a then surrender and acceptance of the premises and a termination of the lease is not justified in the absence of proof by indubitable

acts of the parties that the surrender and acceptance were in fact executed; such a finding falls within the inhibition of *Cammack* v. *Slattery & Bro.* (241 N. Y. 39), viz., that an unexecuted contract under seal cannot be modified by parol.

The verdict of the jury was " No cause of action." It is possible, therefore, that the jury found in favor of the appellants on the issue of eviction (both as to defense and counterclaim) and against the appellants on the issue of surrender and acceptance. The latter defense not having been established by respondents, the verdict must be set aside. (*Buchanan* v. *Belsey,* 65 App. Div. 58; *Tyson* v. *Bauland Co.,* 68 id. 310.)

The judgment and order denying the motion for a new trial should be reversed upon the law and facts and a new trial granted, with costs to appellants to abide the event.

CLARK, DAVIS, SEARS and CROUCH, JJ., concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellants to abide the event.