HARRISON L. CHAPIN et al., as Executors of WILLIAM W. CHAPIN et al., Respondents, *v.* ROSE E. POSNER et al., Appellants.

Fourth Department, July 8, 1948.

*Joseph W. Martin* for appellants.

*Anthony L. Dividio* for respondents.

*Per Curiam.* In this action brought on January 17, 1947, to foreclose a second mortgage on realty, upon which the last payment of principal was made on November 4, 1931, and the last payment of interest on September 1, 1936, plaintiffs allege an oral agreement in 1939 or 1940, to the effect that defendants promised to make such payments to a first mortgagee as would remove the threat of foreclosure of its mortgage and thereafter to resume payments on the mortgage in suit in return for plaintiffs' promise to forbear foreclosure of their mortgage and to extend the time of payment until the threat of foreclosure of the first mortgage was removed by defendants' payments thereon.

There is no claim of personal liability and deficiency judgment is not demanded.

The defendants deny the making of the oral contract extending the time of payment and set up the Statute of Limitations.

On this appeal respondents claim that the Statute of Limitations was tolled by the absence from the State of New York of some of the defendants and that there was a valid oral extension of the time of performance.

The action is one in rem and is not given the protection of section 19 of the Civil Practice Act by the absence from the State of New York of some of the defendants, against none of whom a personal judgment was asked. (*Reichert* v. *Stilwell,* 172 N. Y. 83; *Wetyen* v. *Fick,* 178 N. Y. 223; *Mack* v. *Mendels,* 249 N. Y. 356; *Rookery Investing Co.* v. *Audley Construction Corp.,* 188 Misc. 693.)

The oral agreement alleged in the complaint was not effective to vary the terms of the mortgage and extend the time of payment. Hence the cause of action alleged accrued more than six years prior to the commencement of the action.

Indubitable acts of the parties showing actual execution of the alleged oral agreement are not presented in this record. (*Cohen* v. *Jaffe,* 218 App. Div. 259.)

The order should be reversed on the law, with $10 costs and disbursements and the motion to dismiss the complaint granted, with $10 costs.

All concur. Present — TAYLOR, P. J., McCURN, LOVE, VAUGHAN and KIMBALL, JJ.

Order reversed on the law, with $10 costs and disbursements and motion to dismiss the complaint granted, with $10 costs.