SARAH HILL, Appellant, *v.* THE BOARD OF SUPERVISORS OF RENSSELAER COUNTY, Respondent.

In an action, under the act of 1855 (Chap. 428, Laws of 1855), to recover compensation for property destroyed in consequence of a mob or riot, it appeared that an action was begun in the County Court for the same cause within the three months limited by said act, in which the complaint was dismissed for want of jurisdiction in that court to entertain actions brought to recover a sum exceeding $1,000; thereafter, this action was commenced, but after the lapse of the statutory period. *Held,* that the action was not maintainable; that as it was brought under special law and was maintainable solely by its authority, the limitation was so incorporated with the remedy given as to make it an integral part of it and was a condition precedent to the maintenance of the action at all; and that the provision of the Code of Civil Procedure (§ 405) providing that when an action is commenced within the time limited and is terminated "in any other manner than by voluntary discontinuance, dismissal for neglect to proceed, or a final judgment on the merits, the plaintiff may commence a new action for the same cause within one year after," such termination, did not apply. (See § 414.)

Reported below 53 Hun, 194.

(Argued January 21, 1890; decided February 25, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 6, 1889, which reversed a judgment in favor of plaintiff, entered upon the report of a referee and granted a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*James Lansing* for appellant. The plaintiff's property was destroyed in consequence of a mob or riot, within chapter 428, Laws of 1855, providing for compensating, by the city or county where the injury occurred, the parties whose property may be destroyed in consequence of mobs or riots. (*People* v. *White*, 55 Barb. 606; 2 Arch. C. L. & Pl. 934; Barb. Cr. Law, 210; Roscoe's Crim. Ev. 829; *Solomon* v. *City of Kingston*, 24 Hun, 562; Penal Code, §§ 449, 450; *State* v. *Alexander*, 7 Rich. 5; *State* v. *Jones*, 1 Spear. 13; 2 B. & H. Comm. [Wait's ed.] 443.) The "destruction or injury of the property" of the plaintiff by the mob or riot "was not occasioned or in any manner aided, sanctioned, or permitted by the carelessness or negligence" of the plaintiff. (Laws of 1855, chap. 428, § 3; *Ely* v. *Super.*, 36 N. Y. 297; *Moody* v. *Super.*, 46 Barb. 659; *Blodgett* v. *City of Syracuse*, 36 id. 526; *Fabbri* v. *Kalbfleisch*, 52 N. Y. 28; *Burnap* v. *N. B.*, 96 id. 125; *Thomson* v. *Bank*, 82 id. 1; *Phelps* v. *McDonald*, 26 id. 82–84; *Smith* v. *Pettee*, 70 id. 13; *Everson* v. *City of Syracuse*, 100 id. 577; *Myers* v. *Lathrop*, 73 id. 315; *Grant* v. *Morse*, 22 id. 323; *Comstock* v. *Ames*, 3 Keyes, 357.) No defense covering the Civil Damage Act was set up in the answer. It is entirely new matter and should have been pleaded; it is not covered by the defense of general denial; it is, if available, a distinct affirmative defense. The Civil Damage Act is in contravention of the rules of the common law, and must, if applicable to the case, be pleaded like the Statute of Limitations and usury. (*Honegger* v. *Wettstein*, 94 N. Y. 252; *O'Toole* v. *Garvin*, 1 Hun, 92; *May* v. *Burras*, 13 Abb. [N. C.] 384; *Brazil* v. *Isham*, 12 N. Y. 1; *Paige* v. *Willett*, 38 id. 31;

*Bertholf* v. *O'Reilly*, 74 id. 513.) The Statute of Limitations is not an available defense in this case. (*Mills* v. *McCoy*, 4 Cow. 406; Abb. Tr. Ev. 654; *Watts* v. *Clegg*, 48 Ala. 561; 2 Greenl. on Ev. § 452; *Bristow* v. *Haywood*, 4 Cam. 213; *Brook* v. *Carpenter*, 3 Bing. 297; *Hope* v. *Acker*, 7 Abb. Pr. 308; *Crockett* v. *Smith*, 14 id. 62; *Coe* v. *Raymond*, 89 N. Y. 612; *Green* v. *N. Y. C. R. R. Co.*, 2 Civ. Pro. Rep. 428.)

*R. A. Parmenter* for respondent. The injury complained of did not occur "in consequence of a mob or riot" within the meaning of the act of 1855. (Bouvier's Law Dict. "Riot;" Hawkins' Cr. Pl. chap. 65, § 1; *Duryea* v. *Mayor, etc.*, 10 Daly, 300, 304.) The negligence and misconduct of the plaintiff's servants, in charge of the hotel, caused or contributed to the injury. (*Paladino* v. *Super.*, 47 Hun, 337; *Darlington* v. *Mayor, etc.*, 31 N. Y. 187; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 248.) The plaintiff was not entitled to recover because the action was not brought within three months after the loss occurred. (Code Civ. Pro. § 340; *McIntyre* v. *Carriere*, 17 Hun, 64; *Jones* v. *Reed*, 1 Johns. Cas. 20; *Powers* v. *People*, 4 Johns. 290; *Turner* v. *Roby*, 3 N. Y. 193.) Section 405 of the Code of Civil Procedure has no application in this suit, and the time in which the plaintiff might bring her suit is not thereby extended. (*Hammond* v. *Shephard*, 30 Hun, 318.)

GRAY, J. This was an action brought to recover compensation from the defendants for the destruction of the plaintiff's property, in consequence of a mob or riot. As the only authority for maintaining such an action is contained in a special law, passed by the legislature in 1855 (chap. 428, Laws 1855), and the objection was taken and is now insisted upon that it was not commenced within the time limited therefor by the act, it is unnecessary to consider other questions, if that objection is sound. By the fifth section of the act it is provided that "no action shall be maintained, under the provisions of this act,

unless the same shall be brought within three months after the loss or injury."

It seems that an action was begun within the statutory period, in the County Court, for the same cause; but the complaint was dismissed, for want of jurisdiction in that court to entertain actions brought to recover a sum exceeding $1,000. Thereafter the present action was begun, but not within the three months from the time the loss occurred; and the counsel for the plaintiff, appellant here, seeks to overcome this apparent obstacle to the maintenance of his legal proceding by reference to section 405 of the Code of Civil Procedure. That section provides that where an action is commenced within the time limited therefor, and it is terminated by a reversal of a judgment without awarding a new trial; or in any other manner than by voluntary discontinuance, dismissal for neglect to proceed, or a final judgment on the merits, the plaintiff may commence a new action for the same cause within one year after such reversal or termination. If that section is applicable, this cause of action might be saved; but I think it clear that it cannot apply.

By reference to section 414 of the Code, the provisions of that chapter on limitations are made to "apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases: "A case where a different limitation is specially prescribed by law, etc." It must be evident that, as this action is brought under a special law and is maintainable solely by its authority, the limitation of time is so incorporated with the remedy given as to make it an integral part of it and the condition precedent to the maintenance of the action at all. Section 405 was enacted with reference to the enforcement of the civil remedies prescribed by the Code, and its application is to actions generally and which the Code of Civil Procedure was enacted to regulate. But this special law of 1855 gave a civil remedy, which is independent of the Code remedies, and in enacting section 414, the legislature, obviously, had in view to except those particular or special remedies by action, which they had

the power to allow, and to leave themselves free to attach such conditions as to limitation of time as they saw fit.    So, in the law of 1855 in question, they made it a condition that the action must be brought within three months from the occur-rence of the loss, and plaintiff is bound by that limitation.

For the reasons expressed the order appealed from should be affirmed, and, under the stipulation of the appellant, judg-ment should be awarded in favor of the defendant, with costs.

All concur.

Order affirmed and judgment accordingly.