ADELINE WETYEN, Appellant, *v.* PETER W. FICK et al., Respondents.

1. DOWER — STATUTE OF LIMITATIONS APPLICABLE TO ACTION FOR DOWER — CODE CIV. PRO. § 1596 — WHEN ABSENCE OF PARTIES DEFENDANT FROM THE STATE DOES NOT PREVENT THE RUNNING OF THE STATUTE — WHEN CODE CIV. PRO. § 401, DOES NOT APPLY THERETO. Under the special Statute of Limitations applicable to actions for dower, first enacted in the Revised Statutes of 1827 and re-enacted and embodied with amendments thereto in section 1596 of the Code of Civil Procedure, an action for dower must be commenced by a widow within twenty years after the death of her husband unless at the time of his death she is a minor, insane or imprisoned, or unless the right of dower has been recognized by a writing under seal, or has been adjudged by a decree of the court at any time before such claim of dower has become barred by the lapse of twenty years, in which cases the time of such disability and the time subsequent to the husband's death and previous to the recognition or adjudication of the claim of dower shall be excluded from consideration; and where an action is not commenced until more than twenty years after the husband's death the cause of action is not exempted from the statute, or the statute prevented from running against it, under the provisions of section 401 of the Code of Civil Procedure, by the fact that at no time since the husband's death have the defendants resided in the state of New York, since by the express terms of section 414, subdivision 1, the general provi-

sions of the Code relating to limitations of the time of enforcing a civil remedy (Code Civ. Pro. chap. 4, §§ 362–415, inclusive), do not apply to "a case, where a different limitation is specially prescribed by law."

2. SAME — WHEN PARTIES CLAIMING TITLE TO REAL ESTATE ARE NON-RESIDENTS, ACTION FOR DOWER MAY BE INSTITUTED AGAINST TENANTS, OR OCCUPANTS, THEREOF — CODE CIV. PRO. § 1597. Where the real estate in question has been leased and occupied by tenants from whom rents have been collected and used by a life tenant and the owners in fee of the real estate for a period of twenty years before the commencement of an action for dower, the Statute of Limitations provided by section 1596 of the Code of Civil Procedure is not prevented from running by the fact that, during said period of twenty years, the life tenant and owners in fee of the real estate were non-residents of the state, since, under section 1597 of the Code, providing that "Where the property, in which dower is claimed, is actually occupied, the occupant thereof must be made defendant in the action," and "where it is not so occupied, the action must be brought against some person exercising acts of ownership thereupon, or claiming title thereto, or an interest therein, at the time of the commencement of the action," the widow could at any time have instituted the action by making the tenant a party.

3. SAME — WHEN THERE ARE NO TENANTS, OR OCCUPANTS, OF THE REAL ESTATE AND PERSONS CLAIMING TITLE THERETO ARE NON-RESIDENTS, AN ACTION FOR DOWER MAY BE COMMENCED BY PUBLICATION OF SUMMONS — CODE CIV. PRO. § 438, SUBD. 5. Assuming that there was a period of time, during the twenty years before the commencement of an action for dower, when there was no occupant of the premises, or any person exercising acts of ownership thereon, within the state, the action could have been commenced during that time by service of the summons by publication under section 438 of the Code, subdivision 5, which provides that the service by publication can be made "where the complaint demands judgment, that the defendant be excluded from a vested or contingent interest in or lien upon, specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined, or limited; or otherwise affecting the title to such property."

*Wetyen* v. *Fick*, 90 App. Div. 43, affirmed.

(Argued March 21, 1904; decided April 8, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 21, 1904, in favor of defendants, upon the submission of a controversy under sections 1279 to 1281 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*David Ackerman* for appellant. Plaintiff's right to dower has not been barred by the Statute of Limitations. (*Hamilton* v. *R. Ins. Co.*, 159 N. Y. 327; *Hayden* v. *Pierce*, 144 N. Y. 512; *Kyle* v. *Kyle*, 67 N. Y. 407; *Titus* v. *Poole*, 145 N. Y. 414; *Fowler* v. *Wood*, 78 Hun, 304; 150 N. Y. 584; *Simonson* v. *Nafis*, 36 App. Div. 473; *Hulbert* v. *Clarke*, 128 N. Y. 295; *Watkins* v. *Reed*, 30 Fed. Rep. 908; *Wright* v. *Strauss*, 73 Ala. 227; *Wright* v. *Preston*, 55 Ala. 570.) The defendants are in error in their contention that the limitation has expired because the case does not disclose that an alleged occupant of the premises was also a non-resident. (*Finnegan* v. *Carraher*, 47 N. Y. 493; *Fearing* v. *Irwin*, 55 N. Y. 490; *Fosgate* v. *H. Mfg. Co.*, 12 N. Y. 580; *Brownell* v. *Town of Greenwich*, 114 N. Y. 527.)

*Henry Hill Pierce* and *Harry E. Lee* for Peter W. Fick, respondent. Plaintiff's claim to dower has become barred under the terms of section 1596 of the Code of Civil Procedure. (*Sayre* v. *Wisner*, 8 Wend. 661; *Ward* v. *Kilts*, 12 Wend. 137; *Kyle* v. *Kyle*, 67 N. Y. 400; *Cudd* v. *Jones*, 63 Hun, 142.) Even if non-residence of a defendant prevents the running of the Statute of Limitations against claims for dower, it is evident that where the actual occupant of the premises (who is the only indispensable party defendant to an action for dower) is not shown to have been a non-resident, the non-residence of other persons is immaterial and will not prevent the statute from running. (*Ellicott* v. *Mosier*, 7 N. Y. 201; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Stewart* v. *Smith*, 1 Keyes, 59.)

*Herbert M. Johnston* and *George W. McAdams* for Anna M. C. Breckwedel, respondent. The plaintiff's claim to dower is barred by the provisions of section 1596 of the Code of Civil Procedure, and the time therein stated is not extended or qualified by section 401 of the said Code. (*Hayden* v. *Pierce*, 144 N. Y. 512; *Titus* v. *Poole*, 145 N. Y. 414; *Hamilton* v. *R. Ins. Co.*, 156 N. Y. 327; *Dudley* v. *May-*

*hew*, 3 N. Y. 14; *Matter of N. Y., L. E. & W. R. R. Co.*, 110 N. Y. 379; *Isaacs* v. *Isaacs*, 10 Daly, 306; *Matter of Weeks*, 1 Civ. Pro. Rep. 164; *Smith* v. *B. S. Bank*, 101 N. Y. 62; *Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105 N. Y. 389; *People ex rel.* v. *Comrs., etc., of Brooklyn*, 106 N. Y. 68; *People ex rel.* v. *Angle*, 109 N. Y. 575.)

BARTLETT, J.   The case embodied in this submission is for dower in certain real estate situated in the city of New York.

The plaintiff is the widow of the late John H. Wetyen, who died March 29th, 1863, seized in fee simple of the real estate in question.   The plaintiff was married sometime previous to the year 1850 in the city of New York.   There were four children of the marriage, one daughter, Anna M. C., and three sons, all of whom survived their father.

The deceased left a last will and testament, which is set forth in the submission herein, but its terms are not material, as no question respecting the same is raised by either counsel.

Prior to 1880 the plaintiff's daughter, Anna M. C. Wetyen, married Peter W. Fick, and a daughter was born to them, Anna M. Fick.   Anna M. Wetyen, the mother, took title to a portion of the real estate in question under the will of her father, and upon her death in 1880 her husband, Peter W. Fick, one of the defendants herein, became a tenant by the curtesy in the real estate of which she died seized.

It is unnecessary to refer to the details in the chain of title vesting the fee of this entire real estate, in which dower is now claimed, in the defendant Anna M. Fick, the granddaughter of the plaintiff.

The plaintiff and her children resided in the city of New York for eight years after the death of her husband on March 29th, 1863.   She then removed to New Jersey taking her children with her.   All the parties, both plaintiff and defendants, have since resided in the state of New Jersey, with the exception that for one year the defendants herein lived in the city of New York.

It appears by the submission as follows: " Since the death of said Anna in 1880 the defendants have collected, received and used for their own benefit all the rents and profits from the premises in question and are now in possession of said premises and claim title thereto."

It further appears that no demand was made by the plaintiff for her dower until the 24th day of March, 1903, which was forty years lacking five days after the death of her husband.

Several questions were submitted under this agreed case, but the principal one is whether the plaintiff's claim for dower is barred by the Statute of Limitations. The limitation of the action for dower is contained in the Code of Civil Procedure, section 1596, which reads as follows:

" An action for dower must be commenced by a widow, within twenty years after the death of her husband; but if she is, at the time of his death, either:

" 1. Within the age of twenty-one years; or

" 2. Insane; or

" 3. Imprisoned on a criminal charge, or in execution upon conviction of a criminal offense, for a term less than for life;

The time of such a disability is not a part of the time limited by this section. " And if, at any time before such claim of dower has become barred by the above lapse of twenty years, the owner or owners of the land subject to such dower, being in possession, shall have recognized such claim of dower by any statement contained in a writing under seal, subscribed and acknowledged in the manner entitling a deed of real estate to be recorded, or if by any judgment or decree of a court of record within the same time and concerning the lands in question, wherein such owner or owners were parties, such right of dower shall have been distinctly recognized as a subsisting claim against said lands, the time after the death of her husband, and previous to such acknowledgment in writing or such recognition by judgment or decree, is not a part of the time limited by this section."

This section thus provides that an action for dower must be

commenced by the widow within twenty years after the death of her husband, subject to certain exceptions. It also points out the manner in which the twenty years' limitation may be extended twenty years more.

It is the claim of the plaintiff, appellant, that although the twenty years by this section have apparently run against her, as there was no extension of the period of limitation by writing or judgment, yet, nevertheless, the running of the statute was prevented by the fact that at no time since her husband's death have the defendants resided in the state of New York for twenty years. This claim is based on the provisions of chapter 4 of the Code of Civil Procedure, entitled " Limitation of the time of enforcing a civil remedy."

Two sections contained in title three of this chapter, which is entitled " general provisions," are relied upon. Section 401 reads in part as follows: " If, when the cause of action accrues against a person, he is without the state, the action may be commenced within the time limited therefor, after his return into the state."

Exceptions are contained in title three, qualifying the time fixed for the running of the statute in various cases.

Section 414 of this title is headed, " Cases to which this chapter applies," and reads in part as follows: " The provisions of this chapter apply, and constitute the *only rules of limitation* applicable, to a civil action or special proceeding, except in one of the following cases: (1) A case, where a different limitation *is specially prescribed by law*, or a shorter limitation is prescribed by the written contract of the parties." The remaining provisions of this section are immaterial at this time.

It is the contention of the counsel for plaintiff that section 1596 is not within the exception of section 414, and consequently section 401 applies.

The counsel for defendants argues that section 1596 was intended to be complete in itself, and falls within the exception of section 414, subdivision 1, above quoted, as it contains a different limitation specially prescribed by law.

In order to answer the question now submitted it is necessary briefly to consider the history of the Statute of Limitations applicable to the action for dower. At common law and under the revised laws of this state there was no statute of limitation applicable to an action for dower and the widow had her entire lifetime in which to enforce that right. In the revision of the statutes of 1827 the commissioners inserted a new section in the title treating of estates in dower, reading as follows: "Section 18. A widow shall demand her dower within twenty years after the death of her husband; but if, at the time of such death, she be under the age of twenty-one years, or insane, or imprisoned on a criminal charge or conviction, the time during which such disability continues, shall not form any part of the said term of twenty years." (1 R. S. [1st ed.] 742.)

In the report of the commissioners to revise the statute law for 1827 (p. 75; 5 Edmunds' R. S. [edition of 1863], p. 334), they submitted the following note, referring to section 18, above quoted: " I R. L., p. 60, § 1, allows a widow her lifetime to prosecute for her dower. By the revised Statute of Limitations, a woman must demand every other estate in lands to which she may be entitled, within twenty years, subject to the exceptions contained in the preceding section. If it be an object in any case to quiet titles, to protect honest purchasers, and to excite to a vigilance equally beneficial to the claimant and to others, it is conceived that this case requires the necessary provisions to attain it, as much, if not more, than any other."

We have here set forth the reason of the revisers, in creating this limitation as to actions for dower, which was to quiet titles, to protect honest purchasers and to excite to a vigilance equally beneficial to the claimant and to others.

When the Code of Civil Procedure was enacted, section 18, above quoted, was incorporated into the first part of section 1596, with slight verbal changes not affecting the general meaning. The section remained as so enacted until amended in an important particular in 1882 (Chap. 277, p. 344), when

was added the following: " And if at any time before such
claim of dower has become barred by the above lapse of
twenty years, the owner or owners of the lands subject to such
dower being in possession, shall have recognized such claim of
dower by any statement contained in a writing under seal,
subscribed and acknowledged in the manner entitling a deed
of real estate to be recorded, or if by any judgment or decree
of a court of record within the same time and concerning
the land in question, wherein such owner or owners were
parties, such right of dower shall have been distinctly recog-
nized as a subsisting claim against said lands, the time after
the death of her husband, and previous to such acknowledg-
ment in writing or such recognition by judgment or decree,
is not a part of the time limited by this section."

It was undoubtedly the intention of the legislature of 1882
in adding this amendment, to embody in the section provisions
calculated to more completely carry out the intention of the
revisers as expressed in their report in 1827, to quiet titles, to
protect honest purchasers and to excite to a vigilance equally
beneficial to the claimant and to others.

A careful reading of this amendment discloses that the
legislature intended the Statute of Limitation in the action for
dower should be contained in one section wherein a different
limitation was specially prescribed by law within the excep-
tion of section 414 of the Code, subdivision 1. That is to
say, the section, as thus amended, provided an original limi-
tation of twenty years, but upon the last day of the twenty
years it was rendered possible for the owner of the land sub-
ject to dower being in possession to recognize the claim of
dower in a writing under seal subscribed and acknowledged in
the manner entitling a deed of real estate to be recorded, or
the claim of dower could be recognized by any judgment or
decree of a court of record within the same time and con-
cerning the land in question and wherein the owner thereof
was a party.

In case of recognition in either form thus pointed out, the
twenty years intervening between the death of the husband

of the widow and the date of the writing or judgment is not a part of the time limited by this section. In other words, it was possible for the parties in interest to double the time of limitation mentioned in the statute, making it forty years instead of twenty, and in legal contemplation a special limitation.

The object of requiring the writing to be under seal and acknowledged in the manner prescribed for the execution of a deed, or by judgment or decree of a court of record, obviously was to make the extension of time a matter of record so that any one taking title to real estate, encountering a dower right, could, by consulting the provisions of the Code and the records of the county, ascertain whether or not such claim of dower was valid and existing.

If, as is claimed by plaintiff, the intention of the legislature was to apply to this section the provisions of section 401 which stops the running of the statute when the defendant is without the state, it would necessitate investigation as to a claim for dower, the validity of which could not be ascertained by an examination of the records. It would require a search in a foreign jurisdiction to ascertain if the interested parties had lived there, and if so, how long, whether living or dead, their present residence and other details that could only be preserved in affidavit form, and at best very unsatisfactory when incorporated into an abstract of title. In many instances it is highly probable that it would be impossible, after the lapse of years, to follow out such inquiries with a fair measure of success.

In construing this section limiting actions for dower, an important question of public policy is involved, which distinguishes it from any other provisions of the Code dealing with the subject of limitations. This question of public policy is set forth in the revisers' notes already quoted, and is further evidenced by the amendment of the section in 1882. If the argument of the counsel for plaintiff, appellant, is sound, it would practically defeat the object of the revisers.

We have considered the question thus far under the assump-

tion that the tenant by the curtesy and the owner of the fee, although residing in the state of New Jersey for more than twenty years, are necessary parties to this action.

An action for dower seeks to determine an estate in land, and according to the present provisions of the Code, which are substantially a re-enactment of the Revised Statutes upon the same subject, the occupant of the premises must be made defendant in the action.

Section 1597 of the Code, entitled, "Against whom action to be brought," reads as follows : "Where the property, in which dower is claimed, is actually occupied, the occupant thereof must be made defendant in the action. Where it is not so occupied, the action must be brought against some person exercising acts of ownership thereupon, or claiming title thereto, or an interest therein, at the time of the commencement of the action."

We have already pointed out that the submission contains the following clause : "Since the death of said Anna, in 1880, the defendants have collected, received and used for their own benefit all the rents and profits from the premises in question and are now in possession of said premises and claiming title thereto."

We have here a clear period of twenty years after 1880 when these defendants were residents of the state of New Jersey, and during that time had collected all the rents and profits from the premises in question. The rents and profits could not have been so collected unless there had been a tenant in the premises. It, therefore, follows that the widow could at any time have instituted this action for dower by making the tenant a party.

In *Ellicott* v. *Mosier* (7 N. Y. 201) Chief Judge Ruggles, writing at a time when the widow could maintain ejectment for her dower, said : "Before the adoption of the Revised Statutes, the plaintiff's remedy at law would have been by an action of dower. The object of that action is, to obtain or compel an assignment of dower by the heir, or other owner of the land subject to the widow's right. It could, therefore, be

brought only against the owner or the tenant of the freehold. No other person could assign the dower. (*Hurd* v. *Grant*, 3 Wend. 340; Park on Dower, 265; Coke's Littleton, 35a; *Beddingford's Case*, 9 Coke, 17.) The action of dower was abolished in 1830 and the action of ejectment substituted in its place. (2 R. S. 303, §§ 2, 4 and 304, 310, 313.) By section four the action must be brought against the actual occupant of the land if there be one, and in terms this section applies as well to actions of ejectment for dower as to other actions of ejectment. The consequence is that in a case where the premises in which dower is claimed are in the actual occupation of a tenant for years, the action of ejectment for dower, if it can be sustained at all, must be brought against the ·actual occupant and not against the tenant of the freehold."

This practice has been perpetuated in the Code of Civil Procedure, as above quoted, and regulates the necessary parties in the widow's action for dower.

Furthermore, if we assume that there was a period of time when there was no occupant of the premises, or any person exercising acts of ownership thereupon, and the plaintiff had been compelled to join as defendant the non-resident person claiming title thereto, the situation would present no obstacle to the widow immediately beginning her action, as service could be made by publication under section 438 of the Code, subdivision 5, which provides that the service by publication can be made " where the complaint demands judgment, that the defendant be excluded from a vested or contingent interest in or lien upon, specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined, or limited; or otherwise affecting the title to such property."

It is, therefore, clear that the Statute of Limitations has run against the plaintiff and her claim for dower is consequently barred.

The plaintiff's counsel raises the further point that the former decisions of this court are controlling and hold that

section 401 applies to section 1596. Three cases are cited as sustaining this claim, viz: : *Hayden* v. *Pierce* (144 N. Y. 512) ; *Titus* v. *Poole* (145 N. Y. 414) ; *Hamilton* v. *Royal Ins. Co.* (156 N. Y. 327).

In the *Pierce* and *Poole* cases the question arose under section 1822 of the Code, which provides in substance that an action on a claim against the estate of a decedent which has been disputed or rejected must be brought within the period of six months.

In the *Pierce* case it was claimed that section 401 applied, which provides that if when a cause of action accrues against a person he is without the state, the action may be commenced within the time limited therefor after his return into the state.

In the *Poole* case it was argued that section 405 of the Code applied, which provides that : " If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits ; the plaintiff, or, if he dies, and the cause of action survives, his representative may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such a reversal or termination."

Both of these cases involved the construction of section 414. It was conceded that if section 1822 could be regarded as establishing a different limitation, specially prescribed by law, within the language of section 414, then the sections arresting the running of the Statute of Limitations could not affect the situation and defendants' defense of the statute would have to be sustained.

In the *Poole* case Chief Judge Andrews said (145 N. Y. at p. 423), referring to section 414 : " That section so far as it affects the question now under consideration is as follows : ' Section 414. The provisions of this chapter apply and constitute the only rules of limitation applicable to a civil action

or special proceeding except in one of the following cases: (1) A case where a different limitation is specially prescribed by law or a shorter limitation is prescribed by the written contract of the parties.' The general purpose of the exception in this section seems plain. It was to preserve limitations prescribed by special statute or by the contract of parties, and to prevent any misapprehension that actions subject to special limitations by statute or contract were affected by the periods of limitation prescribed in chapter four in the several classes of action therein specified. The statutes prescribing special and unusual limitations are numerous."

In the *Hamilton* case the question arose under a short statute of limitation contained in the standard policy of fire insurance, and it was there claimed that, notwithstanding the provisions of section 414 of the Code, section 399 applied and prevented the running of the contract period of limitation. The latter section provides, in substance, that an attempt to commence an action in a court of record is equivalent to the commencement of it within each provision of chapter four of the Code, which limits the time for commencing an action when the summons is delivered to the sheriff of the proper county with the intent that it shall be actually served.

In the above cases the question was considered whether a period of limitation, standing by itself in a section of the Code, or a contract of the parties, could be regarded as creating such a special and unusual limitation as to bring it within the exception contained in section 414, subdivision 1. It was held that to treat a period of limitation standing by itself as subject to no statutory exceptions whatever would be to work gross injustice and to ignore the plain intention of the legislature.

In the case at bar we have already given in detail the reasons that have led us to the conclusion that section 1596 of the Code stands by itself and contains a different and unusual limitation, specially prescribed by law, and consequently is not affected by the provisions of chapter four of the Code, which deals with the limitation of the time of enforcing a civil

remedy, and that it clearly falls within the exception of section 414 of the Code, subdivision 1.

The judgment appealed from should be affirmed, with costs to the defendants separately appearing.

PARKER, Ch. J., GRAY, O'BRIEN and HAIGHT, JJ. (and MARTIN and CULLEN, JJ., in result), concur.

Judgment affirmed.