THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY E. WHEELER, Relator, v. JOHN F. NEAFSEY, Tax Commissioner of the City of Glen Cove, Constituting the Board of Taxes and Assessments, Respondent.

Supreme Court, Nassau County, November 23, 1931.

*Cullen & Dykman* [*William N. Dykman* of counsel], for the relator.

*William J. Beglin, City Attorney* [*Clinton T. Roe* of counsel], for the respondent.

JOHNSTON, J. This is a proceeding under sections 290–296 of the Tax Law for a writ of certiorari to review the 1931 assessment for taxes on relator's real property. A prior proceeding was instituted seeking the same relief. The writ was granted, but subsequently quashed and the proceeding dismissed because the petition did not disclose the market value of relator's property and the market value of comparable properties. It is not disputed the present petition contains the allegations which were absent in the prior petition and complies with the provisions of the Tax Law. Respondent claims the petition in this proceeding not having been *presented* within the time required by the statute (section 291 of the Tax Law), this court is without jurisdiction to grant the relief sought. Relator contends the present application comes within the contemplation of section 23 of the Civil Practice Act, which provides if an action is commenced within the time limited therefor, or is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff may commence a new action for the same cause after the expiration of the time so limited and within one year after such reversal or determination. The word " action " is to be construed as including a special proceeding or any proceeding. (Civ. Prac. Act, § 10; *People ex rel. McCabe* v. *Snedeker,* 106 App. Div. 89; *Matter of Decker* v. *Pouvailsmith Corp.,* 252 N. Y. 1–6.) The question for determination is, is the fifteen-day limitation provided by the statute a condition precedent to the maintenance of the proceeding or does section 23 of the Civil Practice Act apply? The courts when necessary have frequently applied the provisions of the Code and Civil Practice Act to the Tax Law. As was said in *People ex rel. N. Y. C. R. R. Co.* v. *Block* (178 App. Div. 251): "And so far as it [the Tax Law] regulates the practice and the use of the writ in tax cases the provisions are exclusive and override the Code provisions (*Mercantile Nat. Bank* v. *Mayor, etc.,* 172 N. Y. 35). Where the statute is silent the provisions of the Code are effective (*People ex rel. Rochester Telephone Co.* v. *Priest,* 181 N. Y. 300)." *People ex rel. Empire Mortgage Co.* v. *Cantor* (198 App. Div. 317) and *People ex rel. Durham Realty Corp.* v. *Cantor* (234 N. Y. 507) are

authorities for the same proposition. In the *Durham Case (supra)* a motion was made pursuant to section 111 of the Civil Practice Act, three years after the original petition was filed, to change the name of the relator from the Durham Corporation to James B. Duke, the owner. The learned Special Term denied the application, holding the defect was jurisdictional, that the fifteen-day limitation was a condition precedent, and to grant the motion would extend the time and grant to the owner a privilege which under the statute ceased to exist. The decision was affirmed, CLARKE, P. J., dissenting (201 App. Div. 834). The question involved — the power of the court to grant the amendment — was certified to the Court of Appeals and answered in the affirmative on the dissenting opinion of the presiding justice (234 N. Y. 507). The courts have also applied the provisions of the Code of Civil Procedure and Civil Practice Act to other statutory actions (*Sharrow* v. *Inland Lines, Ltd.*, 214 N. Y. 101; *Conolly* v. *Hyams*, 176 id. 403). The *Sharrow Case (supra)* was an action to recover damages for negligently causing death. There the statute provided the action *must be commenced* within two years after the decedent's death. Here the statute provides the petition *must be presented* within fifteen days. There, as here, the defendant relied upon the rule laid down in the case of *Hill* v. *Supervisors* (119 N. Y. 344). It was urged that in an action created by statute and unknown to the common law the time limitation is a condition precedent to its maintenance. The plaintiff invoked the beneficial provisions of the Code of Civil Procedure (section 23 of the Civil Practice Act), and the court applied them and held the statutory provision was a limitation upon the remedy and not upon the right. It is to be observed the cases upon which respondent relies formed the basis for the vigorous dissent in the *Sharrow* case. The *Conolly Case (supra)* involved the Mechanics' Lien Law, which provides that a lien shall cease unless an action be brought thereon within one year. An action to foreclose the lien was commenced within a year after the lien was filed. The action was dismissed and another action started more than a year after the lien was filed and plaintiff recovered judgment. Defendant contended the action was governed exclusively by the provisions of the Lien Law and also relied upon the *Hill Case (supra)*. The court held the institution of the first action was a compliance with the statute and the application of the provisions of section 405 of the Code of Civil Procedure did not contravene the commands of the statute. In his effort to distinguish this case respondent points out that while a mechanic's lien arises under a special act, its enforcement is regulated by the Civil Practice Act. This is true, but nowhere in the opinion does

the court take recourse to this. On the contrary, the court based its decision on the ground that the one-year provision in the statute was a limitation, not of the right but the remedy, and as the first action was started within a year the second action could be maintained. The Lien Law is a special act, so is the Tax Law. If the lien were saved because the summons in the first action was served within the statutory time, why should this proceeding be lost when the first petition was presented within the statutory period? True, it has been held, as respondent contends, where a statute makes a limitation of time " the essence of the right of action so that it does not exist independent of the limitation" that the court is powerless to afford relief after the expiration of the time fixed in the statute. This rule, enunciated in the *Hill Case* (*supra*) and recognized in *Matter of Cheesman* (236 N. Y. 47), however, has no application to the facts in the instant proceeding. The *Hill* case was a statutory action brought to recover damages for the destruction of property by mob or riot. The statute (Laws of 1855, chap. 428) provided that " No action shall be maintained * * * unless the same shall be brought within three months after the loss or injury." Within the time limited an action was brought in the County Court, but dismissed. After the expiration of the time limited another action was commenced in the Supreme Court. It was held the provisions of section 405 of the Code of Civil Procedure (now section 23 of the Civil Practice Act) did not apply and the action could not be instituted after the expiration of the statutory period. It will be noticed the action was forbidden by the express terms of the statute and, therefore, the relief sought under the Code of Civil Procedure provision was precluded. Time was a substantive part of the right and could not be extended by a procedural provision applicable only to the remedy. It was a condition precedent to the maintenance of the action. Moreover, the *Hill* case, upon which respondent mainly relies, was decided in 1890. In the light of subsequent adjudications it has lost weight as a controlling authority. " The cases show a disposition not to extend the *Hill* case beyond the facts actually decided by it." (*Hoffman* v. *Del. & Hud. Co.*, 163 App. Div. 50, 51.) The *Cheesman* case dealt with a claim filed under the Workmen's Compensation Law. It is sufficiently distinguished by the language of the act itself, which provides: " The right to claim compensation * * * shall be *barred*, * * * unless within one year after the accident, * * * a claim * * * shall be filed. * * *." (§ 28, as amd. by Laws of 1930, chap. 316.) There the claimant was an infant and did not actually file his claim until two and one-half years after the accident. He attempted to invoke the provisions of section 60 of the Civil

Practice Act. It was held that section 28 of the Workmen's Compensation Law was a statute of limitations, the only exceptions being expressly provided by section 116 of the same act. The court applied the doctrine of *expressio unius est exclusio alterius* and held, the procedure being established by the Workmen's Compensation Law, its provisions are exclusive and for that reason the provisions of the Civil Practice Act do not apply. In a later case the court again pointed out that a proceeding under the Workmen's Compensation Law is not a "special proceeding under the Civil Practice Act but a statutory proceeding *having its own rules* as to the running of the statute" (*Matter of Decker* v. *Pouvailsmith Corp.*, 252 N. Y. 1). It is significant that the year following this decision the Legislature amended section 23 of the Civil Practice Act to include claims arising under the Workmen's Compensation Law. The words of the statute (Tax Law, § 291) "*must be presented* * * * *within fifteen days*" do not create an express bar to the right to maintain this proceeding, but merely constitute a statute of limitations affecting the remedy. They are similar to the language creating the limitation specified in the Civil Practice Act. Concededly, the petition was presented within the required time. The fact that it was defective and the writ dismissed should not defeat relator's right to have the issue, timely raised, decided upon the merits. Section 23 of the Civil Practice Act was intended to prevent such a result. "The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction." (*Gaines* v. *City of N. Y.*, 215 N. Y. 533.) More than a quarter of a century ago the Court of Appeals, speaking through Judge CULLEN, said: "The tendency of the latest decisions of this court has been to extend to all claims the benefit of the exceptions given by the Code of Civil Procedure to the bar of the Statute of Limitations, except where there is an express statute or contract to the contrary." (*Conolly* v. *Hyams, supra*.) Subsequently the court, speaking through the late Chief Judge BARTLETT, said: "The trend of our adjudications has long been in the direction of broadening the scope and operation of the general rules regulating limitations which are embodied in the Code of Civil Procedure." (*Sharrow* v. *Inland Lines, Ltd., supra*.) This is demonstrated not only by the cases heretofore cited, but by others, notably *Hayden* v. *Pierce* (144 N. Y. 512); *Titus* v. *Poole* (145 id. 414), and *Hamilton* v. *Royal Ins. Co.* (156 id. 327). Motion granted. Submit order on notice.