In the Matter of the Appeal of RALPH S. KEEP and Others from an Ordinance or Resolution Adopted by the Common Council of the City of Lockport, N. Y., September 9, 1929, Confirming Local Assessment No. 927 for a Drain and Water Pipe in Lincoln Avenue and South Transit Street, and from Said Assessment.*

THE CITY OF LOCKPORT, Appellant; RALPH S. KEEP and Others, Respondents.

Fourth Department, November 10, 1932.

*George C. Lewis, Corporation Counsel [Daniel J. Kenefick and Daniel J. Kenefick, Jr., of counsel], for the appellant.*

*Storrs & Storrs [William W. Storrs of counsel], for the respondents.*

PER CURIAM. This appeal, taken directly to the Supreme Court from a tax assessment for a local improvement, has been taken and prosecuted in claimed accordance with sections 246, 247 and 248 of the charter of the city of Lockport (Laws of 1911, chap. 870). Section 246 reads as follows: " An appeal may be taken within twenty days from the time of the first publication of every ordinance directing any local improvement, to the County Court of the county of Niagara; and in case the county judge of said county shall be interested in any such local improvement, he shall certify such appeal to the Supreme Court of the judicial district in which said city is located. An appeal may in like manner be taken to said County Court or Supreme Court from any local assessment and the order confirming the same, within twenty days from the confirmation of such assessment."

Section 247 specifies details involved in an appeal from either an ordinance or an assessment under section 246. Section 248

* Revg. 138 Misc. 194.

reads in part as follows: " After the return is made, as in the last preceding section provided, the appeal may be brought to a hearing at any term of said County Court, or if the same has been certified to the Supreme Court, at a Special Term of the Supreme Court * * *."

As to an appeal from an ordinance under section 246, a county judge who is interested in the improvement certifies such an appeal (to the County Court) to the Supreme Court. This certification makes the appeal an appeal to the Supreme Court. As to an appeal from an assessment, covered by the second sentence of section 246, the provision is that the " appeal may in like manner be taken to said County Court or Supreme Court," a clear statement that this appeal, like the appeal from an ordinance, goes initially to the County Court — and to the Supreme Court only in the alternative — depending upon whether or not the county judge of the court to which the appeal must first be taken is interested. There seems to be no reason for making a distinction between the two kinds of appeals, a conclusion implicit in the words " in like manner." This contention is made the more forceful by the quoted provision of section 248, which refers to an appeal from either an ordinance or an assessment as provided in section 246. In each instance the hearing after the return is made is primarily in the County Court and can get to the Supreme Court only by certification.

The judgment should be reversed upon the law and the proceeding dismissed, upon the sole ground that this court has no jurisdiction, we having examined the testimony and the whole record and found nothing from which we could reach the conclusion that the judgment should not be affirmed upon the facts.

All concur, except SEARS, P. J., and CROSBY, J., who dissent and vote for affirmance in a memorandum, as follows: We reach the conclusion that the words of the statute " an appeal may in like manner be taken to said County Court or Supreme Court from any local assessment and the order confirming the same " give to an aggrieved party a right to appeal to the Supreme Court and are in contradistinction to the words in the first sentence which provide for the taking of an appeal from the ordinance only to the County Court. While an appeal from the ordinance taken to the County Court may under certain circumstances be heard by the Supreme Court, the appeal still remains one taken to the County Court.

Judgment reversed on the law, with costs, and proceeding dismissed, with costs, on the sole ground that this court has no jurisdiction; this court having examined the facts and found no error therein.