In the Matter of the Appeal of RALPH S. KEEP and Others, Appellants, from an Ordinance or Resolution Adopted by the COMMON COUNCIL OF THE CITY OF LOCKPORT, NEW YORK, Respondent, on September 9, 1929, Confirming Local Assessment No. 927 for a Drain and Water Pipe in Lincoln Avenue and South Transit Street and from Said Assessment.

County Court, Niagara County, February 28, 1934.

*Storrs & Storrs*, for the appellants.

*Kenefick, Cooke, Mitchell, Bass & Letchworth*, for the respondent.

HARCOURT, J. This is a motion made by the respondent to dismiss the appeal of the appellants from an ordinance or resolution confirming a local assessment for a drain and water pipe in Lincoln avenue and South Transit street and from said assessment.

The assessment was levied by the common council of said city on September 9, 1929, and an appeal was taken by the appellants from said assessment and from the ordinance or resolution confirming the same on September 28, 1929, to the Supreme Court. The respondent filed its return thereto and said appeal by order was referred to Charles B. Wheeler, official referee, to hear, try and determine the same. Hearings were had before the referee who filed his report on November 17, 1930, vacating and setting aside the assessment appealed from. Judgment of the Supreme Court was entered thereon on November 20, 1930, and the respondent herein appealed from said judgment to the Appellate Division of the Supreme Court on December 12, 1930, which court by an order dated November 10, 1932, reversed said judgment and dismissed the proceedings with costs on the sole ground that the Supreme Court had no jurisdiction of said proceeding (237 App. Div. 377). Judgment of reversal on said order was entered December 10, 1932, and the appellants appealed therefrom to the Court of Appeals which court on July 11, 1933, affirmed the judgment of the Appellate Division (262 N. Y. 596). On November 8, 1933, an appeal was made to this court upon the same grounds as stated in the former notice of appeal. The parties to the instant appeal are the same except that some of the former appellants do not join herein. The respondent moved to dismiss this appeal upon the ground that the same was not taken within the time required

by section 246 of the charter of the city of Lockport (Laws of 1911, chap. 870). The appellants rely upon section 23 of the Civil Practice Act and claim that its provisions are applicable and that the second appeal is within time.

The provisions of the charter of the city of Lockport applicable are as follows:

" § 246. Appeals to county and supreme courts. An appeal may be taken within twenty days from the time of the first publication of every ordinance directing any local improvement, to the county court of the county of Niagara; and in case the county judge of said county shall be interested in any such local improvement, he shall certify such appeal to the supreme court of the judicial district in which said city is located. An appeal may in like manner be taken to said county court or supreme court from any local assessment and the order confirming the same, within twenty days from the confirmation of such assessment.

" § 247. Appeals, how brought; undertaking; return by common council. An appeal taken in pursuance of the preceding section must be brought within the time in said sections limited by the service upon the mayor or clerk of the said city of a notice of appeal in writing, stating the grounds upon which the appeal is founded."

The further provisions of section 247 refer to the undertaking to be filed with said notice of appeal and to the return to be filed by the city.

" § 248. * * * all proceedings upon said appeal shall be had and conducted as nearly as may be in accordance with the provisions of the code of civil procedure and the general rules of practice, except as herein otherwise provided; * * *.

" § 371. Act a public act. This act is hereby declared a public act, and shall be construed favorably for every beneficial purpose therein contained."

Section 23 of the Civil Practice Act provides as follows: " Effect of reversal of judgment or termination of action. If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies and the cause of action survives, his representative, may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination. This section also applies to the workmen's compensation law."

Section 10 of the Civil Practice Act provides as follows: " Application of article. The provisions of this article apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases:

" 1. A case where a different limitation is specially prescribed by law or a shorter limitation is prescribed by the written contract of the parties.

" 2. A case where the time to commence an action has expired when this article takes effect.

" The word ' action ' contained in this article is to be construed, when it is necessary so to do, as including a special proceeding or any proceeding therein or in an action."

It must be conceded that unless the rights of the appellants are saved by section 23 of the Civil Practice Act this motion must prevail. It is the contention of the respondent that the charter of the city of Lockport is a special statute which, so far as this proceeding is concerned, created a new right and that the limitation of twenty days within which to appeal from an ordinance or resolution confirming an assessment is a part of the statute under which the right arises so that there is no right of action independent of limitation; that it is a part of the cause of action and that the bringing of the action within the time prescribed is a condition precedent to the maintenance thereof. The principle invoked was laid down in *Hill* v. *Board of Supervisors of Rensselaer County* (119 N. Y. 344), which was an action brought under a special act to recover compensation for property destroyed in consequence of a mob or riot. The action was first begun in the County Court within the three months limited by said act, which action was dismissed because it was brought to recover a sum exceeding $1,000, and thereafter an action was brought in the Supreme Court but after the lapse of the limitation. The plaintiff claimed, however, that his right of action was saved by section 405 of the Code of Civil Procedure which was in substance the same as section 23 of the Civil Practice Act. It was held by the court of last resort that the action was brought under a special law, was maintainable solely by its authority and that the limitation of time was so incorporated with the remedy as to make it an integral part of it and a condition precedent to the maintenance of the action; that section 405 was enacted with reference to the enforcement of civil remedies prescribed by the Code and which the Code of Civil Procedure was enacted to regulate; that the statute involved gave a civil remedy independent of the Code remedies, and that the Legislature by enacting section 414, now section 10 of the Civil Practice Act, saved to themselves the right to attach such

conditions as to limitation in other actions or proceedings, and that the action not having been brought within the three months specified in said statute that the plaintiff could not recover.

The respondent also cites, to sustain its contention, a line of cases of which *Wetyen v. Fick* (178 N. Y. 223) and *Matter of Cheesman* (236 id. 47) are examples.

These cases and like ones do not involve the question of the application of section 23, but are cases where actions or proceedings were not brought within time due to disability under the statute on the part of the plaintiff. In *Wetyen v. Fick (supra)* an action for dower was not begun until after the running of the Statute of Limitations and it was claimed that the right of action was not lost for the reason that the defendants resided out of the State for such a length of time so that the action could not be brought within the limitation.

The *Cheesman* case was a claim under the Workmen's Compensation Law. The claim was not filed within the limitation prescribed by the act, and it was asserted by the claimant that his rights were saved because he was an infant and that section 396 of the Code of Civil Procedure applied.

As stated before, this line of cases does not involve the application of section 23 and, therefore, does not consider the broad general rule of construction of said section to the effect that it was designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits of the controversy. The plaintiff or claimant in that line of cases did not bring his action or file his claim within the limitation provided by the statute, and for this reason are to be distinguished from the case at bar. The broad and liberal purpose of this statute is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, the litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law. (*Gaines v. City of New York*, 215 N. Y. 533, 539.)

The *Hill* case, while it has not been overruled, has been modified by more recent decisions. (*Titus v. Poole*, 145 N. Y. 414; *Hamilton v. Royal Insurance Co.*, 156 id. 327; *Conolly v. Hyams*, 176 id. 403; *Sharrow v. Inland Lines, Ltd.*, 214 id. 101; *Gaines v. City of New York*, 215 id. 533; *Hoffman v. Delaware & Hudson Co.*, 163 App. Div. 50; *People ex rel. Wheeler v. Neafsey*, 142 Misc. 692; *Streeter v. Graham & Norton Co.*, 237 App. Div. 258; revd., on another point, 263 N. Y. 39.)

In speaking of the *Hill* case the Court of Appeals in *Conolly* v.

*Hyams* (*supra*) says: " The tendency of the latest decisions of this court has been to extend to all claims the benefit of the exceptions given by the Code of Civil Procedure to the bar of the Statute of Limitation, except where there is an express statute or contract to the contrary."

In *Sharrow* v. *Inland Lines, Ltd.* (*supra*), the Court of Appeals says: " It is to be noted that the trend of our adjudications has long been in the direction of broadening the scope and operation of the general rules regulating limitations which are embodied in the Code of Civil Procedure."

In *Hoffman* v. *Delaware & Hudson Co.* (*supra*) the Appellate Division, after holding that a new action might be commenced for the same cause after the expiration of the limitation, says: " Perhaps cold logic and the reasoning of the *Hill* case might produce another result, but the liberal rule of the *Conolly* case should be applied."

The learned referee upon the trial of the merits of this controversy found that the appellants had substantial rights. If this is so, then these rights should not be frittered away by a narrow, technical construction. They brought their former appeal within time but unfortunately in the wrong tribunal. The bringing of that appeal, however, gave to the respondent notice that the appellants intended to litigate the controversy. That notice was timely, and it would seem that the appellants have a right to their day in court notwithstanding that the first appeal was to the wrong tribunal. The act itself provides that all proceedings upon said appeal should be conducted as nearly as may be in accordance with the Code of Civil Procedure. The act, by its own terms, is a public act and as such is entitled to every beneficial purpose. The statute lays down a rule of procedure and the limitation contained therein is upon the remedy and not upon the right.

Certiorari to review this assessment would lie at common law. The remedy provided for by the statute is not exclusive as it seems to be conceded by the respondent that an action in equity could be brought to determine the rights of the parties herein. In other words, the right to review an assessment is not a new right. The statute in question sets forth only the course of procedure.

A careful study of the authorities and of the statute in question leads to the conclusion that the motion should be denied.

Motion denied, enter order accordingly.