In the Matter of the Appeal of RALPH S. KEEP and Others, Respondents, from an Ordinance or Resolution Adopted by the Common Council of the City of Lockport, N. Y., September 9, 1929, Confirming Local Assessment No. 927 for a Drain and Water Pipe in Lincoln Avenue and South Transit Street and from Said Assessment.*

CITY OF LOCKPORT, Appellant.

Fourth Department, June 27, 1934.

*James J. Sullivan, Corporation Counsel* [*Daniel J. Kenefick* and *Daniel J. Kenefick, Jr.,* of counsel], for the appellant.

*Storrs & Storrs* [*William W. Storrs* of counsel], for the respondents.

LEWIS, J.   We must here determine whether section 23 of the Civil Practice Act can be invoked to extend the time to appeal fixed by a special statute where such limitation is inherent in the right of review.

On September 9, 1929, the common council of the city of Lockport confirmed a local assessment for water service piping in a city street. An appeal from the resolution and the assessment which it confirmed was taken by a number of aggrieved property owners. That appeal was to the Supreme Court where, following a trial of the issues before an official referee, the assessment was vacated

* Revg. 150 Misc. 603.

and set aside. (138 Misc. 194.) The city of Lockport appealed from the judgment entered upon the official referee's report. Thereupon this court reversed the judgment and dismissed the proceeding (237 App. Div. 377) for the reason that under the Lockport city charter the right to review an assessment confers jurisdiction in the first instance upon the County Court and that the Supreme Court is without jurisdiction unless the county judge certifies that he is disqualified by reason of interest in the proceeding. Upon appeal to the Court of Appeals, the decision of this court was affirmed (262 N. Y. 596), and judgment upon the Court of Appeals' remittitur was entered in the Niagara county clerk's office September 22, 1933. Again an appeal was taken for the purpose of reviewing the same local assessment — this time to the County Court but on a date more than four years after the expiration of the time to appeal fixed by the Lockport charter. The city then moved to dismiss the second appeal upon the ground it was not perfected within twenty days after the first publication of the ordinance, as prescribed by section 246 of the charter. The learned acting county judge has denied the city's motion upon the ground that section 23 of the Civil Practice Act may be properly invoked by the aggrieved property owners to extend their time to appeal. The appeal now before us is from the order denying the city's motion to dismiss the property owner's appeal.

We are particularly concerned with the following section of the city charter of Lockport (Laws of 1911, chap. 870), which provides the method by which local assessments may be reviewed:

" § 246. Appeals to county and supreme courts. An appeal may be taken within twenty days from the time of the first publication of every ordinance directing any local improvement, to the county court of the county of Niagara; and in case the county judge of said county shall be interested in any such local improvement, he shall certify such appeal to the supreme court of the judicial district in which said city is located. An appeal may in like manner be taken to said county court or supreme court from any local assessment and the order confirming the same, within twenty days from the confirmation of such assessment."

It is significant that the Legislature placed an unusual emphasis upon the time within which an appeal may be taken by repeating the limitation in mandatory form in the succeeding paragraph:

" § 247. Appeals, how brought; undertaking; return by common council. An appeal taken in pursuance of the preceding section must be brought within the time in said sections limited.

" § 248. Hearing on appeal. * * * all proceedings upon said appeal shall be had and conducted as nearly as may be in accord-

ance with the provisions of the code of civil procedure and the general rules of practice, except as herein otherwise provided."

The right to review local assessments under the section of the Lockport city charter quoted above is a special statutory right unknown to the common law. The limitation of time prescribed by the Legislature within which an appeal may be taken is a condition precedent to the exercise of that right to appeal. If an aggrieved property owner is to avail himself of the right to review a local assessment, he must take the right afforded him subject to the time limitation which the Legislature has fixed by unmistakable language. That limitation is an integral part of the right to review, and is, therefore, unaffected by the exceptions to the general statute of limitations. To hold otherwise we must disregard the rule established by authorities which we recognize as controlling.

In *Hill* v. *Supervisors of Rensselaer County* (119 N. Y. 344) plaintiff sought to recover damages against the defendant for the destruction of his property by mob violence during a riot. The only authority for such an action was contained in a special statute (Laws of 1855, chap. 428) which provided: " No action shall be maintained under the provisions of this act, unless the same shall be brought within three months after the loss or injury." Within that period of limitation the plaintiff started an action in County Court where the complaint was dismissed because he sought damages in excess of the court's jurisdictional limit of $1,000. Thereafter another action was started by the plaintiff in Supreme Court but not within three months after the date when the loss occurred. The plaintiff claimed, however, that his cause of action was preserved by the provisions of section 405 of the Code of Civil Procedure (now section 23 of the Civil Practice Act). In ruling that section 405 of the Code of Civil Procedure was not applicable, the court states (p. 347): " By reference to section 414 of the Code [now section 10 of the Civil Practice Act] the provisions of that chapter on limitations are made to ' apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases: A case where a different limitation is specially prescribed by law, etc.' It must be evident that, as this action is brought under a special law and is maintainable solely by its authority, the limitation of time is so incorporated with the remedy given as to make it an integral part of it and the condition precedent to the maintenance of the action at all. Section 405 [now section 23 of the Civil Practice Act] was enacted with reference to the enforcement of the civil remedies prescribed by the Code, and its application is to actions generally and which the Code

of Civil Procedure was enacted to regulate. But this special law of 1855 gave a civil remedy, which is independent of the Code remedies, and in enacting section 414, the Legislature, obviously, had in view to except those particular or special remedies by action, which they had the power to allow, and to leave themselves free to attach such conditions as to limitation of time as they saw fit. So, in the law of 1855 in question, they made it a condition that the action must be brought within three months from the occurrence of the loss, and plaintiff is bound by that limitation."

The ruling in the *Hill* case was in accord with a previous decision of the United States Supreme Court in *The Harrisburg* (119 U. S. 199), involving the same principle. There the question presented was whether an action in admiralty could be maintained for damages resulting in death by negligence under a State statute which gave such a right. The opinion by Mr. Chief Justice WAITE states (p. 214): " The statutes create a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. No one will pretend that the suit in Pennsylvania, or the indictment in Massachusetts, could be maintained if brought or found after the expiration of the year, and it would seem to be clear that, if the admiralty adopts the statute as a rule of right to be administered within its own jurisdiction, it must take the right subject to the limitations which have been made a part of its existence. It matters not that no rights of innocent parties have attached during the delay. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right." (See, also, *Wetyen* v. *Fick*, 178 N. Y. 223; *Matter of Cheesman* v. *Cheesman*, 236 id. 47.)

To avoid having their right to appeal extinguished by the expiration of the twenty-day period of limitation provided by the statute, the respondents, upon this appeal from the ordinance, now invoke section 23 of the Civil Practice Act which provides:

" § 23. Effect of reversal of judgment or termination of action. If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies and the cause of action survives, his representative, may

commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination. This section also applies to the workmen's compensation law."

This section is within article 2 of the Civil Practice Act which bears the title " Limitations of Time." The Legislature has clearly defined and limited the application of the sections within article 2 by section 10 thereof which provides:

" § 10. Application of article. The provisions of this article apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases:

" 1. A case where a different limitation is specially prescribed by law or a shorter limitation is prescribed by the written contract of the parties."

We regard the section last quoted to be a clear expression of the Legislature's intent to make the provisions of article 2 inapplicable to those cases in which the law prescribes a different limitation — as in the case of the special statute with which we are concerned upon this appeal.

An interesting and enlightening comment upon these sections is made by Chief Judge ANDREWS in *Titus* v. *Poole* (145 N. Y. 414, 423), cited by respondents and appellant: " Coming, therefore, to the question whether section 405 [now section 23 of the Civil Practice Act] applies to actions under section 1822, it is to be observed that there could be no doubt of its application except for the provisions of section 414 [now section 10 of the Civil Practice Act]. That section, so far as it affects the question now under consideration, is as follows: ' Sec. 414. The provisions of this chapter apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases: (1) A case where a different limitation is specially prescribed by law, or a shorter limitation is prescribed by the written contract of the parties.' The general purpose of the exception in this section seems plain. It was to preserve limitations prescribed by special statute or by the contract of parties, and to prevent any misapprehension that actions subject to special limitations by statute or contract were affected by the periods of limitation prescribed in chapter four in the several classes of action therein specified. The statutes prescribing special and unusual limitations are numerous."

The beneficent purpose of article 2, section 23, of the Civil Practice Act is clear, but in view of the limitation prescribed by section 10 of the same article we cannot extend the application of section 23 to the case now before us where the time limitation for

appeal is implicit in the right which the statute gives. In asking us to do so the respondents, in effect, would have us disregard the principle upon which the *Hill Case* (*supra*) was decided. We are not so inclined. The Court of Appeals has not receded from the principle of law announced in that case, and we find nothing in the record before us which prompts us to do so.

We are mindful of those cases brought to our attention by the respondents wherein the aid of section 23 has been successfully invoked. In each instance, however, those cases are to be distinguished by their special features. No case has been cited which approves the application of section 23 as authority for enlarging a special statutory limitation of time to appeal where that limitation inheres in the right itself. Indeed, in *Hamilton* v. *Royal Insurance Company* (156 N. Y. 327), cited by respondents, we find this significant statement (p. 338): " Nor do we regard the decision in *Hill* v. *Supervisors* (119 N. Y. 344) as adverse to or in conflict with the conclusion we have reached. In that case the right sought to be enforced was a special right for which a special remedy was given and a special limitation provided, and, under the well-settled principle that where a new right is given, or a new power conferred by statute, and the means of executing it are granted, it can be executed in no other way than as provided by the statute, it was held that the limitation was so incorporated with the remedy as to become a part of it, and constituted a condition precedent to the maintenance of the action. It is doubtless true that where time is the essence of the right created, and a limitation as to the time of its enforcement is a part of the statute under which the right arises, so that there is no right of action independent of the limitation, the limitation extinguishes the right rather than affects the remedy, and such contracts are not subject to the exemptions contained in the Statute of Limitations. It was upon that principle that the *Hill* case was decided, and it has no application to the case at bar."

Likewise in *Wetyen* v. *Fick* (*supra*) the court makes the following comment upon the rulings in *Hayden* v. *Pierce* (144 N. Y. 512) and *Titus* v. *Poole* (145 id. 414) (which respondents in the case at bar have called to our attention) (p. 234): " Both of these cases involved the construction of section 414. It was conceded that if section 1822 could be regarded as establishing a different limitation, specially prescribed by law, within the language of section 414, then the sections arresting the running of the Statute of Limitations could not affect the situation and defendants' defense of the statute would have to be sustained."

The right of appeal given by the Legislature to aggrieved property owners under sections 236 and 247 of the Lockport city charter is

one in which time is made the essence of the right. That right is lost if the time is disregarded.

The order denying appellant's motion to dismiss the appeal should be reversed on the law and the motion granted.

All concur, SEARS, P. J., and TAYLOR, J., in result, on the ground (1) that the limitation to twenty days provided in the act was an integral part of the right to appeal and consequently that the provisions of section 23 of the Civil Practice Act are inapplicable (*Hill* v. *Supervisors*, 119 N. Y. 344); and (2) that section 23 of the Civil Practice Act, which provides that in certain instances the Statute of Limitations is tolled by the bringing of an action or special proceeding, has no application to taking such an appeal as is involved in this case. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.