Isaac Kaplan, Doing Business as Insjar Realty Co., Appellant-Respondent, v. Andres Uribe, Respondent-Appellant.

First Department, June 21, 1955.

*Benjamin Hurwitz* of counsel (*Maurice B. & Daniel W. Blumenthal*, attorneys), for appellant-respondent.

*Albert D. Jordan* of counsel (*Ehrich, Stock, Leighton & Holland*, attorneys), for respondent-appellant.

*Per Curiam.* Landlord instituted summary proceedings in August, 1953, to recover possession of an apartment occupied by tenant for nonpayment of monthly rentals of $300 for the months of June, July and August, 1953.

The tenant interposed a counterclaim on August 17, 1953, in which he alleged that the maximum rent recoverable under the provisions of the State Residential Rent Law (L. 1946, ch. 274 as amd.) was $201.25 per month, or a monthly overcharge of $98.75; that a prior summary proceeding had been instituted by landlord against the tenant for nonpayment of the June, 1953, rent in the sum of $300; that the tenant had interposed a counterclaim therein similar to the counterclaim alleged in this action for treble the claimed rental overcharges for a period of twelve months and counsel fees; that the prior proceeding was dismissed for lack of jurisdiction and the tenant's counterclaim "discontinued without prejudice to its renewal and reinstatement in any proper proceeding and action."

Tenant in his counterclaim in the present proceeding was awarded judgment for treble damages for the twelve-month period from June 1, 1952, to May 31, 1953, together with a counsel fee.

This appeal presents a question whether section 23 of the Civil Practice Act can be invoked to extend the time beyond the one year fixed by subdivision 5 of section 11 of the State Resi-

dential Rent Law within which the tenant may commence an action, after dismissal of the counterclaim in a prior summary proceeding.

Subdivision 5 of section 11 of the State Residential Rent Law provides that a tenant may commence a rental overcharge action "within one year from the date of the occurrence of the violation". The right to recover alleged excess payments under the rent control law is a special statutory right unknown to the common law. The limitations of time prescribed by the Legislature to commence an action unknown to the common law is a condition precedent to the maintenance of such an action. The statute creates a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. As pointed out by Mr. Justice HAMMER in his dissenting opinion in *Lebrecht v. Orefice* (199 Misc. 1025, 1029), if a tenant is to avail himself of the fruits provided by such an action by way of treble damages, he must take the right afforded him subject to the time limitation which the Legislature has fixed by clear language. The liability and the remedy are created by and within the same statute, and the limitations of the remedy are, therefore, to be treated as limitations of the right. That limitation is an integral part of the right to enforce such an action, and is, therefore, unaffected by the various exceptions contained in the general Statutes of Limitations (*Hill v. Board of Supervisors*, 119 N. Y. 344; *Matter of Keep*, 241 App. Div. 556, affd. 266 N. Y. 583; *Carr v. Yokohama Specie Bank*, 272 App. Div. 64, affd. 297 N. Y. 674).

In the circumstances of this case and for the reasons above stated, section 23 of the Civil Practice Act cannot be availed by the tenant as tolling the time within which the counterclaim could be interposed under subdivision 5 of section 11 of the State Residential Rent Law. The right of action for rental overcharges for those months prior to August 17, 1952, is thus extinguished (*Hamilton v. Royal Ins. Co.*, 156 N. Y. 327, 338).

We have considered the other contentions urged by the landlord with respect to the judgment, but we find them without merit.

The judgment should be modified so as to limit the treble damages for overcharges to nine months instead of twelve months, or a total of $2,666.25, against which the unpaid rent for three months of $603.75 for June, July and August of 1953, should be offset and to which should be added the counsel fees allowed, making a total award of $2,412.50.

The determination of the Appellate Term should accordingly be modified by reducing the judgment to $2,412.50 with interest, and with costs to landlord appellant.

PECK, P. J., COHN, BREITEL and RABIN, JJ., concur.

Determination unanimously modified by reducing the judgment to $2,412.50 with interest and, as so modified, affirmed, with costs to the landlord appellant-respondent. Settle order on notice. [See *post*, p. 1078.]