Clarence J. Henry, J.
This is a motion by the defendant for summary judgment under rule 113 of the Buies of Civil Practice.
The facts, agreed upon in the main, appear as follows from the submitted affidavits and documentary proof:
On April 1, 1957, the Board of Education, Central School District No. 1, Massena, New York, entered into a contract with the James J. Waters Corporation (hereinafter referred to as the “ Contractor ”) whereby the latter agreed to perform several million dollars worth of construction. On the same date the Contractor entered into a land and material payment bond agreement with the defendant casualty company whereby the latter became surety for the payment of all unpaid subcontractors. That agreement contained the following provisions: “3. No suit or action shall be commenced hereunder by any claimant (a) Unless claimant shall have given written notice *643 to any two of the following: The Principal, the Owner, or the Surety above named within ninety days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made * * * by registered mail * * * (b) After the expiration of one (1) year following the date on which Principal ceased work on said Contract.”
On June 27, 1957, the Contractor entered into a subcontract with the plaintiff whereby the latter agreed to furnish and install certain materials for the contract sum of $10,400. The plaintiff substantially completed its work under the subcontract on May 20, 1958 (last item of material furnished, however, in Feb., 1959), but not until January 7,1960, did it notify the defendant, by ordinary letter, of a balance of $1,973 unpaid thereon since 11 May 20,1958.” On March 14,1960 the defendant requested a formal proof of claim, which was forwarded by the plaintiff on March 30, 1960. On June 29, 1960, the defendant informed the plaintiff of rejection of the claim on the ground that “ it does not come within the coverage of our bond”. The plaintiff’s action was commenced on or about January 3, 1962, and an answer in the form of a general denial was interposed.
The Contractor completed the entire work under the contract on October 14,1959 — a fact of significance in view of a portion of the controversy which has arisen on this motion.
The defendant’s motion for summary judgment is based upon two grounds: (1) that the action herein was not commenced (Jan. 3, 1962) within a year after the Contractor had finished its work (Oct. 14, 1959); and (2) that the notice of claim was not timely, i.e., that the date of furnishing the last of the materials for which claim was made (Feb., 1959) was more than 90 days prior to the date the notice was received (Jan. 7„ 1960).
The plaintiff has countered the first position of the defendant with the contention that the defendant, having failed to plead the one-year commeneement-of-aetion requirement as an affirmative defense in its answer (Civ. Prac. Act, §§ 242, 261) or moved for dismissal of the complaint within 20 days following service on the ground that the action is barred by time limitation (Bules Civ. Prac., rule 107, subd. 5), may not now raise the requirement on this motion for summary judgment — the requirement being, in the view of the plaintiff, a contractually-erected limitation and, as such, subject to the rules generally applicable to statutory and contractual limitations, barring an action only when properly raised. To this the defendant responds with a claim that the requirement is not a limitation but rather a condition precedent to action, which must be strictly observed, *644 and that the rules applicable to limitations are inapplicable, citing in support thereof the case of Balzano v. Port of New York Auth. (N. Y. L. J., Sept. 10, 1962, p. 14, col. 7). Examination of that case satisfies that it is not in point on the instant circumstances. There the Supreme Court, Kings County, held that a time-limitation clause (L. 1950, ch. 301, § 7) contained in the suits against New York Port Authority Act was a condition precedent to action to which the rules applicable to limitations did not apply — in recognition of the somewhat isolated rule that where a new legal right is created by a statute that also includes a time limitation for enforcement “ the limitations of the remedy are therefore, to be treated as limitations of the right” (see Kaplan v. Uribe, 286 App. Div. 156) — and also, apparently, because the consent of the State of New Jersey in joining in the act was specifically based upon the time limitation, by its terms. In simpler terms, under such peculiar circumstances, observance of the time requirement is a condition precedent to the commencement of action. A similar rule has been applied when the time requirement was contained in a so-called “proviso” or “provided that” clause (see Hill v. Supervisors, 119 N. Y. 344; Johnson v. Phoenix Bridge Co., 197 N. Y. 316), as in the original statute prescribing the time in which actions to recover damages for death caused by wrongful act could be brought — but not after that statute was changed to provide that such an action “ must be commenced within two years” (Decedent Estate Law, § 130), the courts then holding that the limitation was upon the remedy only and not upon the right, and was subject to rules governing Statutes of Limitation (Sharrow v. Inland Lines, Ltd., 214 N. Y. 101). The provision of the surety agreement involved herein is distinguished from the unusual conditions which gave rise to the rule in the Balzano, Hill, Johnson and Kaplmi cases. Here there is a simple time limit established by contract during which action may be commenced. This, if not unreasonably exercised, is a recognized contractual privilege (Civ. Prac. Act, § 10; Sapinkopf v. Cunard S. S. Co., 254 N. Y. 111; Planet Constr. Corp. v. Board of Educ., 7 N Y 2d 381), which constructs a limitation — not “ indissolubly hound up with the right ” (see Sharrow v. Inland Lines, Ltd., supra) — as opposed to a condition precedent, which is. To be taken advantage of, the former must be advanced by motion or pleading in the same manner as though it had been constructed by statute (see Califano v. Citizens Ins. Co., 163 Misc. 542; Robert Reiner, Inc. v. Hamburg-Amer. Line, 145 Misc. 592; Ferres v. Linea Sud Americana, 149 Misc. 335; Longe’s Estate v. Assurance Co. of America, 107 N. Y. S. 2d 961). Contractual *645 limitations are on a “ parity with corresponding statutory provisions ” (City of New York v. Alpha Contr. Corp., 182 Misc. 115; Amex Asphalt Corp. v. City of New York, 263 App. Div. 968, affd. 288 N. Y. 721). Not having been pleaded affirmatively in the answer, and not attacked by motion, therefore, the one-year limitation is not available to the defendant on this motion.
In connection with the defendant’s second position the plaintiff has countered with the contention that the defendant has waived and is estopped from asserting the 90-day notice requirement by accepting the claim with knowledge (from its face) that it was late, by thereafter requesting proofs of claim, and by failing to notify the plaintiff of rejection within a reasonable time, during which time the plaintiff lost its right to file a mechanic’s lien. Here the defendant is in a stronger position. The 90-day notice requirement was clearly a condition precedent to the plaintiff’s right of action and can be invoked by the defendant on the motion herein — unless the defendant was guilty of conduct which amounted to a waiver or gave rise to estoppel. It is concluded that the defendant was not guilty of such conduct. While, as contended by the plaintiff, request for belated proofs of claim has, on occasion, been regarded as waiving untimely notice or establishing estoppel to the assertion of the notice requirement, particularly when the claimant is thereby lulled into the relinquishment of a right or remedy, certain facts appear in the instant matter which demand consideration, one of which has great significance and which appears to have escaped the attention of both parties. On March 14, 1960, in acknowledging receipt of the plaintiff’s belated notice and requesting proofs of claim, the attorney for the defendant specifically wrote plaintiff as follows:
‘ ‘ Please understand that we are transmitting this Affidavit (proof of claim■ — insertion mine) without prejudice and with a full reservation of our rights and defenses.
‘ ‘ Upon receipt of the properly completed Affidavit we shall investigate the claim and advise you of our postition in due course.”
Thus, on the principal occasion upon which the plaintiff relies to show conduct on the part of the defendant giving rise to waiver and estoppel, the defendant is found specifically abjuring such conduct. As the plaintiff frankly concedes in its reply memorandum, the defendant at this very time, instead of requesting the proof of claim, could properly have notified the plaintiff that the latter’s claim was held unenforcible. It could also — as it did — with suitable warning, reserve the. right to do so, without incurring the risk of waiver or estoppel.
*646 Moreover, the plaintiff suffered no loss of rights in depending (if it did) upon acceptance of the notice and in submitting the proof of claim, for its claim of having been caused to fail in filing a timely mechanic’s lien through reliance upon the defendant’s conduct is unfounded. The period in which its lien was required to be filed was not, as contended, four months after the October 14, 1959 completion and acceptance of the Contractor’s work — which would run until February 14, 1960, more than a month after the notice of claim was mailed to the defendant— but instead only 30 days. Being a public improvement contract, section 12, rather than section 10 of the Lien Law governed. Thus the plaintiff’s lien rights had expired before the defendant’s conduct could possibly influence the exercise of them.
A final point — of minor significance, but extant — was the failure of the plaintiff to present its notice of claim to the required parties by registered mail. This provision also erected a condition precedent to the commencement of an action, which was not observed.
For the reasons given in connection with the 90-day notice of claim the defendant’s motion for summary judgment dismissing the complaint is granted. Ten dollars costs.