In the Matter of RITA HOWARD, Respondent, v. EDWARD ROBINSON, Appellant.— In a filiation proceeding, the appeals are from (1) an order of filiation and support of the Family Court, Queens County, dated September 27, 1966, and (2) an order of said court dated February 8, 1968, which denied appellant's motion to set aside the order of filiation and support, for a new hearing and for other relief. Order dated September 27, 1966 reversed, on the law, without costs, and proceeding remitted to the Family Court for a new hearing. The findings of fact below are affirmed. Appeal from order dated February 8, 1968 dismissed as academic, without costs. Appellant appeared at the hearing below without counsel. Under the circumstances, the trial court erred in putting questions to him without first advising him of his statutory right (Family Ct. Act, § 531) to refuse to testify (*Matter of Dean* v. *Young*, 31 A D 2d 630). Accordingly, the filiation and support order must be reversed and a new hearing granted, especially since there is no evidence of paternity apart from appellant's admission on the hearing. Additionally, we are of the opinion that the provisions of CPLR 208 relating to infants may not be employed to extend the time prescribed by subdivision (a) of section 517 of the Family Court Act during which a mother is permitted to commence a filiation proceeding (*Matter of Anonymous* v. *Anonymous*, 48 Misc 2d 949; see, also, *Cimo* v. *State of New York*, 306 N. Y. 143, 150, and cases cited therein; Family Ct. Act, § 522). Since this proceeding was not commenced within two years after the child's birth, petitioner may not prevail upon the hearing ordered hereby unless she alleges and proves that " paternity has been acknowledged by the father in writing or by furnishing support" (Family Ct. Act, § 517, subd. [a]). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.