█ In the Matter of LOUISE S. (ANONYMOUS), Respondent, v. WILLIAM P. (ANONYMOUS), Appellant.— In a filiation proceeding, the appeal is from an order of the Family Court, Queens County, dated November 29, 1972, which denied appellant's motion (1) to vacate an order of filiation theretofore made on April 7, 1970 after trial, (2) to vacate appellant's admission of paternity, made by him in open court on April 7, 1970, and (3) to stay all proceedings to compel payment of arrears in child support, pending a trial on the issue of paternity. Order reversed, on the law, without costs, motion granted, and new trial granted on all of the issues raised by appellant's motion in the Family Court. No questions of fact were presented on this appeal. In our opinion, the facts and circumstances of this proceeding warrant a new trial. It is not disputed that appellant was not represented by counsel when he appeared and made the admission of paternity. Though the record indicates that appellant was advised of his rights, it does not clearly contain a true or specific waiver on his part to be represented by counsel. The record shows only the Family Court Judge's conclusory notation that appellant was advised of his rights and waived his right to counsel. In addition, it appears that petitioner was a married woman who had waited more than two years after the child was born to commence the instant proceeding. The record fails to indicate that there was brought home to appellant, as he stood in open court, without counsel, the proposition that the two-year Statute of Limitations constituted a defense, unless the putative father had acknowledged paternity "in writing or by furnishing support" (Family Ct. Act, § 517, subd. [a]). The record does show that appellant had been "giving" $10 a week to petitioner, but there was no determination that such payments were sufficient to satisfy the requirements of the statute.

Since there was no proof that appellant's payments were clearly for the child's support, the mere payment of some money on his part was insufficient to serve as acknowledgment of paternity (*Matter of Wong* v. *Beckford*, 28 A D 2d 137). In sum, this was clearly a case where appellant's lack of counsel served to deprive him of a trial in which the issue of the applicability of a statutory defense should be developed. Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.