■ In the Matter of SHIRLEY D., Respondent, v RICARDO B., Appellant. —In a filiation proceeding, the appeals are from (1) an order of filiation and support of the Family Court, Kings County, dated October 20, 1975, and (2) an order of the Family Court, New York County, dated January 7, 1976,

which denied appellant's motion to vacate the order of filiation and support. Order dated October 20, 1975 reversed, on the law, without costs or disbursements, and proceeding remitted to the Family Court for a new hearing in accordance herewith. Appeal from the order dated January 7, 1976 dismissed as academic, without costs or disbursements. A hearing was held at which the trial court erred in questioning appellant, who was unrepresented by counsel, without first advising him of his statutory right (see Family Ct Act, § 531) to refuse to testify (see *Matter of Valerie H. v Koene B.,* 38 AD2d 728; *Matter of Howard v Robinson,* 32 AD2d 837; *Matter of Dean v Young,* 31 AD2d 630). Apart from appellant's admission, there is no evidence of paternity. Accordingly, the order of filiation and support must be reversed and a new hearing held (see *Matter of Howard v Robinson, supra).* Additionally, this proceeding was not commenced within two years after the child's birth. Therefore petitioner cannot prevail upon the hearing ordered hereby unless she shows that paternity was acknowledged by the father in writing or by furnishing support (see Family Ct Act, § 517, subd [a]). The evidence that appellant had given some money to petitioner, absent a showing that the payments were clearly intended for the child's support, is insufficient to serve as acknowledgment of paternity *(Matter of Louise S. v William P.,* 42 AD2d 962). Martuscello, Acting P. J., Latham, Margett, Rabin and Hawkins, JJ., concur.