■ In the Matter of the Arbitration between LOCAL 365, UNITED AUTOMOBILE AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, Respondent, and CROUSE-HINDS COMPANY (ARROW HART DIVISION), Appellant.—In a proceeding to compel arbitration, the appeal is from an order of the Supreme Court, Nassau County, dated March 29, 1977, which (1) directed the parties to proceed to arbitration and (2) permitted J. Kenneth O'Connor, Esq., to act as attorney for the petitioner in the arbitration proceeding. Order modified, on the law, by (1) adding to the first decretal paragraph thereof a provision limiting arbitration to the issue of whether the contract permits Clarence Martin to return to the bargaining unit and (2) deleting the second decretal paragraph thereof. As so modified, order affirmed, without costs or disbursements. That part of the order permitting J. Kenneth O'Connor, Esq., to serve as attorney for the petitioner union has been stricken as such representation was agreed to be withdrawn by Mr. O'Connor in open court, on the argument of this appeal. In our opinion, the dispute as to the right of the union members to severance pay, since it would necessarily involve a determination by the arbitrator as to the good faith, or lack thereof, of the appellant employer in terminating operations at its plant, is nonarbitrable. Since the union's petition alleges an unfair labor practice, viz., failure of the appellant to bargain in good faith, the National Labor Relations Board has sole jurisdiction as to this issue. In so holding, we note the board's recently announced policy to discontinue its previous policy of deferring labor disputes to arbitration merely because the parties have contracted to submit all grievances to arbitration (see *General Amer. Transp. Corp. [Soape]*, 94 LRRM 1483, 1484). While it is true that the board exempted alleged violations of section 8 (a) (5) of the Labor Management Relations Act from this ruling (such a violation constitutes one of the allegations of the petition), we note that the union also alleged a violation of section 8 (a) (1) of the Act. Regarding the issue as to whether Mr. Clarence Martin, a supervisory employee, may return to the bargaining unit, we hold that this issue should be submitted to arbitration. The only determination which the arbitrator will have to make is the applicability of article X of (subd 5, par [a]) of the agreement, which provides: "An employee transferred or promoted outside the bargaining unit shall retain the seniority theretofore accumulated for all purposes of subsequent transfers back to the bargaining unit." Clearly, the interpretation of this clause is a matter which is within the power of an arbitrator to determine. Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.

■ In the Matter of MARY B., Appellant, v GEORGE T., Respondent.—In a paternity proceeding, the appeal is from an order of the Family Court, Kings County, dated May 28, 1976, which, after a hearing, *inter alia,* dismissed the petition. Order affirmed, without costs or disbursements. The petitioner-appellant was adequately informed by the Family Court of her right to be represented by counsel and of the availability of assigned counsel in the event that she wished counsel but was unable to afford one. Under these circumstances, we believe that her subsequent waiver of that right was knowingly and intelligently made (see *Matter of Shirley D. v Ricardo B.,* 54 AD2d 564; cf. *Matter of Louise S. v William P.,* 42 AD2d 962). We have considered the remaining contentions and find them to be lacking in merit. Cohalan, J. P., Damiani, Hawkins and Mollen, JJ., concur.