OPINION OF THE COURT
Edward J. McLaughlin, J.
The court holds that where a paternity proceeding is brought by the Commissioner of Social Services exercising his right to bring such a petition, and the commissioner’s petition is brought two or more years after the birth of the child, when the child ceases to receive public assistance, the mother is not entitled to have the payments awarded to the commissioner paid to her pursuant to section 571 (subd 3, par [a]) of the Family Court Act, but rather she is entitled to a de novo hearing on the issue of support pursuant to section 571 (subd 3, par [b]) of the Family Court Act. To interpret the statute otherwise might make the statute appear to condone a taking of property without due process of law. Also, it would deprive the respondent of his right to. assert the defense of Statute of Limitations.
I FACTS
On September 13, 1967, petitioner gave birth to an out-of-wedlock child. At the time of the child’s birth, respondent signed a consent form agreeing to have his name entered on the child’s birth certificate. (Public Health Law, § 4135, subd 2.) Respondent made no further written acknowledgment of his paternity. (Family Ct Act, § 517, subd [a].) The putative father provided no support for the child. (Family Ct Act, § 517, subd [a].)
In July of 1970 petitioner applied for public assistance and assigned her support rights to the Commissioner of Social Services. (Social Services Law, § 349-b, subd 1, par [a].) On *892 July 24, 1970, a paternity petition was brought against the respondent by the Commissioner of Social Services. Respondent was duly notified and appeared in court. The docket sheet indicates that at his initial hearing he expressed a desire for an attorney. The case was adjourned so that he could consult an attorney. On October 14, 1970, the respondent appeared without an attorney. The docket sheet indicates that he was advised again of his rights. The respondent admitted that he was the father of the subject child. An order of filiation was made based on respondent’s admission. Respondent was ordered to pay support of $10 per week, disbursed to the commissioner. Subsequently, the respondent entered into an agreement with the Commissioner of Social Services agreeing to pay $10 per week for the support of the child characterized in the agreement as his son. This agreement was approved by the court and entered on August 20, 1976. On August 1, 1978, a payroll deduction order was entered, ordering $15 ($10 current care and $5 on the arrears) per week to be paid to the Support Collection Unit.
On March 20, 1979, a petition was filed by the mother of the child, since the child is no longer receiving public assistance, seeking an upward modification of the terms of the support agreement. Respondent appeared and moved to dismiss the petition on the grounds that: (1) he was not represented by counsel during the proceedings previously enumerated, and (2) the order of filiation was obtained after the Statute of Limitations had expired with regard to the mother of the infant.
II CONCLUSIONS OF LAW
A. The Waiver of the Right to Counsel
As to respondent’s first ground for dismissal, the court is not persuaded that his waiver of the right to counsel was not knowingly and intelligently made. The facts of the case indicate that he twice appeared in court and was advised of his rights. He was given an adjournment in order that he might consult with counsel. He chose, however, to appear without counsel and to admit the allegations of the petition. (Cf. Matter of Mary B. v George T., 58 AD2d 832.) There is no indication that the respondent is anything but a competent adult. Given the totality of the circumstances, the court finds that the lack of representation by counsel is not an adequate ground for the dismissal of the petition.
B. The Defense of Statute of Limitations
*893 A more complicated legal issue is raised, however, by respondent’s contention that this action by the mother for a modification of the commissioner’s petition should be dismissed because the paternity proceeding for support of the child was brought by the Commissioner of Social Services after petitioner’s two-year Statute of Limitations for such an action had run out. Is petitioner, now that her child no longer receives public assistance, able to benefit from the support order acquired through the paternity proceeding brought by the commissioner while the child was a recipient of public assistance?
1. The Commissioner’s Right: Assignment
The mother of a child born out of wedlock has two years after the birth of the child in which to bring a proceeding to establish the paternity of the child. (Family Ct Act, § 517, subd [a].) On the other hand, a public welfare official has 10 years after the birth of the child in which to bring a proceeding to establish paternity. (Family Ct Act, § 517, subd [b].) The mother’s Statute of Limitations may be tolled, however, if paternity "has been acknowledged by the father in writing or by furnishing support.” (Family Ct Act, § 517, subd [a].)
In New York a person who is eligible for public assistance must "assign to the state and the social services district any rights to support such person may have either in his own behalf or in behalf of any other family member for whom he is applying for or receiving aid”. (Social Services Law, § 349-b, subd 1, par [a]; see US Code, tit 42, § 654, subd [4], par [A]; cf. Matter of Derocha, 55 AD2d 1042; see, also, Bernet, The Child Support Provisions: Comments on the New Federal Law, 9 Family LQ 491.)
It is well settled in New York that "a valid assignment operates to transfer to the assignee all the right, title or interest of the assignor in the thing assigned and passes the whole right of the assignor, nothing remaining in him capable of being assigned, and he has no further interest in the subject of assignment.” (Matter of Thompson, 36 Misc 2d 638, citing Acetate Box Corp. v Johnson, 193 Misc 54;6 CJS, Assignments, § 82, pp 1136, 1137.) Here, however, we are confronted with the assignment of a peculiar sort of a right. The right to support for a child born out of wedlock does not arise until the right has been established through a paternity proceeding. The present petitioner, at the time that she assigned her support rights to the commissioner, therefore, had *894 no active right to support from the putative father of her child.
When she assigned her rights to the commissioner, he assumed "absolute and complete” control of the exercise of those rights. (Dumpson v Cohen, 14 AD2d 871.) The commissioner, by virtue of the statutory right vested in him by section 522 of the Family Court Act, brought a timely paternity proceeding, seeking support for the out-of-wedlock child from the putative father. The respondent, by admitting during the commissioner’s proceeding that he was the father of the subject child, activated the right of the petitioner to seek support for the subject child from him. Since petitioner had assigned all of her rights to the commissioner, this right to support was beyond her power to exercise at the time it came into being, the commissioner having sued to enforce his assigned right to support.
2. The Right to Support When A Person Ceases to Receive Public Assistance
The question thus becomes whether a right which is created during the period of an assignment is extinguished at the termination of the assignment or whether the right, once created, continues. In other words, is the petitioner in privity with the Commissioner of Social Services and thus entitled to the same rights of property, namely, the right to support from the respondent? (See Matter of Commercial Cas. Ins. Co. v Tremaine, 257 App Div 536.)
It must be clearly noted that the commissioner has an independent right to seek support for persons receiving public assistance. The commissioner cannot assign his support order to the former recipient of public assistance, since his right is acquired from an exercise of his official function as the Commissioner of Social Services. (See Social Services Law, § 65.)
Also it should be emphasized that a paternity proceeding is an action for support only. It does not establish the status of the child. (Commissioner of Public Welfare of City of N. Y. v Koehler, 284 NY 260, 267.)
Section 571 (subd 3, par [a]) of the Family Court Act states that upon notification by the commissioner that the assignment of support rights is terminated, payments on the support order are to be made to the person or family rather than to the Support Collection Unit. (See Matter of Department of Social Servs. v Caro, 65 AD2d 811, 812.) Petitioner relies upon that section of the Family Court Act in bringing her petition.
*895 It is a rubric of New York statutory interpretation that it is only as "a last resort that the courts will strike down a solemn legislative enactment on the ground that it conflicts with the state or federal Constitutions. Every presumption is in favor of the validity of a statute.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, p 308.) If the commissioner’s order of support was paid directly to the former recipient of public assistance, there would be serious questions to consider concerning the constitutionality of the statute, for the resondent’s money would be going to someone who might or might not be entitled to it with no notice to the respondent and with no opportunity for the respondent to be heard.
The petitioner’s right to support and the commissioner’s right to seek enforcement of his assigned right to support or for reimbursement for the public’s support of an individual are not one right but three separate and distinguishable rights which may or may not exist concurrently. For instance, in a fact situation such as the one now before the court the commissioner has the right to seek support for an out-of-wedlock child for 10 years from the birth of the child in spite of the fact that the petitioner did not bring a paternity proceeding within two years of the child’s birth and thus vest the right to the support of the child by the respondent. However, in a different fact situation there is decisional authority which lends support to the proposition that a wife who has engaged in misconduct which would constitute grounds for a separation or divorce is not entitled to support even if she "is a recipient of public assistance or liable to become in need thereof.” (Mammon v Mammon, 54 AD2d 762; Mellen v Mellen, 46 AD2d 790.)
Nor is the right to support an absolute. The Court of Appeals has recently emphasized that in an article 4 support proceeding, where the commissioner sued a father for the support of his teenaged child, that the court must carefully use its discretion and consider many factors when granting or denying the commissioner’s petition for support when a child has left home and applied for public assistance. (Parker v Stage, 43 NY2d 128.) Thus, it is clear that in each support proceeding the right of the individual seeking support, and the obligation of the person from whom support is sought, must be carefully assessed.
In the instant proceeding section 571 (subd 3, par [b]) of the Family Court Act is the applicable statute. Petitioner is *896 entitled to a de novo hearing on the amount of support to which she is entitled. Petitioner, therefore, should bring an action under section 413 of the Family Court Act seeking support, alleging that the respondent is the father of the child.
The petition to modify the commissioner’s order of support is dismissed. The order of October 14, 1970, awarding payment of support to the commissioner is vacated. The decision of June 20, 1979, providing for periodic payments on arrears, is stayed until 11:00 a.m. on September 28, 1979, to determine whether arrears are those of the Department of Social Services or of the mother, and the decision of June 20, 1979, providing for the disbursal of support to the mother, is vacated.
Submit order accordingly.