Tillman LEE, Plaintiff,

v.

PORT AUTHORITY OF NEW YORK/NEW JERSEY, The State of New York and The State of New Jersey, Defendants.

No. 79 Civ. 4050(GLG).

United States District Court,
S. D. New York.

April 8, 1980.

Leonard X. Gillespie, Brooklyn, N. Y., for plaintiff.

Patrick J. Falvey, New York City, for defendant Port Authority of New York and New Jersey; James M. Begley, New York City, of counsel.

John J. Degnan, Atty. Gen. of New Jersey, Trenton, N. J., for defendant State of New Jersey; Paulette M. Sapp, Deputy Atty. Gen., Trenton, N. J., of counsel.

OPINION

GOETTEL, District Judge:

Defendant Port Authority of New York and New Jersey ("Port Authority") seeks to

have plaintiff's complaint dismissed for failure to comply with the statutory conditions precedent governing the institution of suit against it, for failure to comply with any other possible statute of limitations upon which the plaintiff could rely, and on the further grounds that the claims asserted are barred by the doctrine of laches inasmuch as they have not been timely instituted and plaintiff has unreasonably delayed. Defendant State of New Jersey also seeks to have the plaintiff's complaint dismissed pursuant to Fed.R.Civ.P. 12(b) on the grounds that the Court lacks both personal and subject matter jurisdiction over that defendant and for failure to state a claim upon which relief can be granted. There has been no opposition to the latter motion, and clearly, since, *inter alia*, plaintiff was not employed by the State, that motion should be granted.

Tillman Lee instituted this action against the Port Authority, the State of New York,* and the State of New Jersey, alleging jurisdiction under 28 U.S.C. §§ 1331(a), 1361, and 2201–2202 and 5 U.S.C. § 701 *et seq.* Plaintiff was employed by the defendant Port Authority as a structural maintainer beginning on March 20, 1968. He alleges that his discharge on March 7, 1970, while on disability leave on account of injuries received in the course of his employment, was unreasonable and without due process, depriving him of his civil rights and resulting in loss of income. He seeks reinstatement as well as compensatory and punitive damages.

Plaintiff admits that he was incarcerated during this same time; he was in the Brooklyn House of Detention Center from January 7, 1970 until April 13–14, 1970, when he became a fugitive in flight from the jurisdiction of the New York State Department of Corrections. He remained a fugitive until June 1977, when he was returned to Riker's Island Detention Center. In October 1977, plaintiff was released from custody but did not commence this action until August 1979.

The issues to be considered are:

(1) whether the plaintiff's complaint should be dismissed for failure to comply with the one-year period and sixty-day notice of claim conditions precedent of the Port Authority's suability statute;

(2) whether the complaint should be dismissed for untimeliness under either N.Y. Civ.Prac.Law & R. § 214(2) or N.Y.Civ. Prac.Law & R. § 217;

(3) whether the time specified in any applicable statute of limitations should be extended by a period of disability on account of imprisonment under N.Y.Civ.Prac.Law & R. § 208; and

(4) the effect of the plaintiff's status as a fugitive from justice.

### *Conditions Precedent*

▆ Inasmuch as plaintiff's suit was not instituted until approximately nine and one-half years after the cause of action accrued, he has not met the one-year condition precedent governing suits against the Port Authority. Under the Port Authority's suability statute, N.Y.Unconsol.Laws §§ 7101 *et seq.* (McKinney 1979), such suits are consented to by the states of New York and New Jersey. Section 7107 provides:

The foregoing consent is granted upon the condition that any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year after the cause of action therefor shall have accrued, and upon the further condition that in the case of any suit, action or proceeding for the recovery or payment of money . . . , a notice of claim shall have been served upon the port authority . . . at least sixty days before such suit, action or proceeding is commenced.

Judicial decisions have held that suits not brought against the Port Authority within one year must be dismissed. In *Trippe v. Port of New York Authority*, 14 N.Y.2d 119, 249 N.Y.S.2d 409, 198 N.E.2d 585 (1964), which involved an alleged unlawful taking of private property in violation of constitu-

---

* The claim against the State of New York was dismissed on September 21, 1979.

tional guarantees, the New York Court of Appeals affirmed the status of the Port Authority as a direct agency of the state and unequivocally held that the one-year limitation was applicable to all actions against the Port Authority. Federal cases have reached the same result. In *Rao v. Port of New York Authority*, 122 F.Supp. 595 (E.D.N.Y.1954), aff'd, 222 F.2d 362 (2d Cir. 1955), an accident case, the court held that the bi-state suability statute was clear and unambiguous and that statutes waiving sovereign immunity must be strictly construed even though suit was commenced only eight days after the one-year period had expired. Since the lateness in filing suit was much greater in the instant case than in *Rao*—eight years instead of eight days—the policy of strict application is even more clearly justified.

■■■ The plaintiff's claim is further weakened by the fact that the one-year suability provision is not a statute of limitations but rather a condition precedent. *Balzano v. Port of New York Authority*, 232 N.Y.S.2d 776 (Sup.Ct.1962), aff'd, 23 A.D.2d 573, 256 N.Y.S.2d 495 (2d Dep't 1965). Conditions precedent were distinguished from statutes of limitation in *Kaplan v. Uribe*, 286 A.D. 156, 158, 142 N.Y.S.2d 41, 42 (1st Dep't 1955):

> The liability and the remedy are created by and within the same statute, and the limitations of the remedy are, therefore, to be treated as limitations of the right. That limitation is an integral part of the right to enforce such an action, and is, therefore, unaffected by the various exceptions contained in the General Statutes of Limitations.

It has been held that conditions precedent are more than mere periods of limitations. They are part of the cause of action, and the defendant's remedy for lack of compliance is a motion to dismiss for failure to state a cause of action. *Afsco Specialties, Inc. v. Maryland Casualty Co.*, 37 Misc.2d 641, 235 N.Y.S.2d 147 (Sup.Ct.1962). Tolls and extensions that operate to prolong a statute of limitations, as a general rule, have no bearing upon a condition precedent.

*See Howard v. Robinson*, 32 A.D.2d 837, 302 N.Y.S.2d 347 (2d Dep't 1969), where the court ruled that N.Y.Civ.Prac.Law & R. § 208 relating to infants could not be used to extend the time prescribed in Fam. Ct.Act § 517(a) for commencing a filiation proceeding. Plaintiff has failed to comply with this statutory condition precedent, which has been upheld by both New York and federal judicial decisions. The courts' strict interpretation of these requirements makes the dismissal of plaintiff's claim inevitable.

Plaintiff has not met the other condition precedent governing suits against the Port Authority, that is, the sixty-day period for serving a notice of claim on the defendant. These sixty days run concurrently with the one-year period. *Rao v. Port of New York Authority, supra*. The court has discretion to grant an extension for service of the notice of claim "within a reasonable time but in any event within three years after the cause of action accrued." N.Y.Unconsol.Laws § 7108 (McKinney 1979). Aside from the fact that the plaintiff's status as a fugitive from justice is not one of the disabilities provided by section 7108, the three-year period is long past. Even given the lenient modern trend noted in *Barra v. Port of New York Authority*, 192 N.Y.S.2d 838 (Sup.Ct.1959), in cases involving application for leave to file a late notice of claim, the statute absolutely forbids such a result based on the facts of this case.

## Statutes of Limitation

■■ Assuming arguendo that this action is not governed by conditions precedent and that statutory limitations apply, the plaintiff's claim is time barred inasmuch as suit was not instituted until approximately nine and one-half years after the cause of action accrued. N.Y.Civ.Prac.Law & R. § 217 provides a four-month limitation in a "proceeding against a body or officer" unless a shorter time is specified in the law authorizing the proceeding. N.Y.Civ.Prac.Law & R. § 214(2) provides a three-year limitation for actions "to recover upon a liability, penalty or forfeiture created or imposed by stat-

ute." Unless a disability can be applied to extend either of these periods, plaintiff's action will be time barred under this theory as well. Disabilities resulting in tolls under N.Y.Civ.Prac.Law & R. § 208 are infancy and insanity. Neither applies to plaintiff's case since the plaintiff was neither an infant nor insane at the time the cause of action arose.

### The Imprisonment Disability

 Although plaintiff was imprisoned in 1970, and the New York law at that time made incarceration a disability, sections 79 and 79–a of the New York Civil Rights Law were amended in 1973 to permit prisoners to maintain an action and the imprisonment disability was eliminated from the CPLR, effective in September 1973. Plaintiff argues that the disability was in effect when he fled the jurisdiction. Consequently, he contends that the subsequent elimination of the disability did not affect his claim.

### Flight From Justice

Plaintiff's most serious problem with his contention that the statute of limitations was abated during his period of imprisonment is that there has never been a disability for flight from justice. Whatever other arguments he may set forth, the fact remains that for more than seven years of the period for which he seeks an extension, plaintiff was not imprisoned. Not only was he not imprisoned, but he was a fugitive from justice from mid-April 1970 until June 1977. Furthermore, plaintiff made no attempt to commence his proceeding during his absentee period—for obvious reasons. Had he not absented himself from custody, the Civil Rights Law would have provided him with the opportunity to pursue his cause of action while imprisoned, when the change in the law became effective in September of 1973.

It should also be noted that after October 1977 plaintiff was neither a fugitive nor a prisoner, but still did not commence this suit until August 1979. This additional unexplained delay even further weakens plaintiff's case.

### Conclusion

Under these circumstances, plaintiff cannot now be heard to complain of a lack of opportunity to pursue his cause of action, and the motion to dismiss of defendant Port Authority, as well as that of defendant State of New Jersey, is granted.

SO ORDERED.