■ In the Matter of R. F. SHEAR, as Commissioner of Social Services of Allegany County, for SUZANNE TURNER, Respondent, v DAVID LABELLE, Appellant. — Order unanimously reversed, without costs, motion granted and amended and original petitions dismissed. Memorandum: The child whose paternity is at issue in this proceeding was born to Suzanne Turner on January 17, 1974. Petitioner, Allegany County Commissioner of Social Services (Commissioner), commenced the proceeding on November 14, 1978. After venue was changed to Erie County Family Court, the Commissioner, by letter of January 16, 1981, notified the clerk of Erie County Family Court that the mother was

no longer receiving public assistance and that he wished to withdraw the petition. The letter concludes with the statement: "I trust that this can be accomplished without the department's appearance in Erie County." The record contains no response to the Commissioner; no order of dismissal was entered, and further proceedings were held on March 9, 1981. The Commissioner did not appear but the court granted the natural mother's motion "to amend the petition to allow her to proceed personally in light of the refusal of the * * * Commissioner * * * to continue with this paternity proceeding." The court denied respondent's motion to dismiss the amended petition as barred by the Statute of Limitations. Respondent appeals and we reverse. Subdivision (a) of section 517 of the Family Court Act provides in part that proceedings to establish the paternity of a child "shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing support". Under subdivision (b) of section 517, however, a public welfare official has 10 years in which to bring the proceeding. When this proceeding was commenced, the natural mother's right to seek similar relief had been time barred for almost three years unless she could establish acknowledgement of paternity by the father in writing or by furnishing support (*Matter of Shirley D. v Ricardo B.*, 54 AD2d 564; *Schuerf v Fowler*, 2 AD2d 541). Neither acknowledgment nor prior support is an issue here. Indeed, specific allegations thereof are stricken from the form petition filed by the Commissioner. Thus in permitting the natural mother to be substituted for the Commissioner and to go forward with proof of paternity, the court impermissibly revived rights already lost to the natural mother and deprived respondent of his statutory right to the limitations defense. Since the record is silent as to any action taken by the court either in response to the Commissioner's letter seeking withdrawal of the petition, or in connection with his subsequent nonappearance, we would ordinarily remit the matter for further proceedings. We do not do so here in the interest of judicial economy because it would be an improvident exercise of discretion in the circumstances presented to refuse to dismiss the original petition. (Appeal from order of Erie County Family Court, Manz, J. — paternity.) Present — Dillon, P. J., Simons, Hancock, Jr., Denman and Moule, JJ.