■ In the Matter of MARIANNE R. Respondent, v RICHARD C. Appellant.—In a paternity proceeding pursuant to Family Court Act article 5, the appeal is from an order of the Family Court, Suffolk County (Auperin, J.), entered October 23, 1987, which, after a hearing, declared the appellant to be the father of the child.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Lawrence, and leave to appeal is granted by Justice Lawrence (CPLR 5701 [b] [1]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

We find that the appellant's paternity was established by · "clear and convincing" evidence *(see, Matter of Lopez v Sanchez,* 34 NY2d 662; *Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G.,* 59 NY2d 137, 141-142). Contrary to the appellant's contentions, on April 20, 1987, he was fully informed of his statutory rights, including his right to refuse to testify (Family Ct Act § 531), to be represented by counsel, to have counsel assigned if he was unable to afford counsel (Family Ct Act § 262 [a] [viii]), and to have a blood test, which would be paid for by the county if he was unable to afford it (Family Ct Act § 532 [c]). Thereafter, the matter was adjourned to enable the appellant to obtain counsel and for blood tests of the parties. Nevertheless, while the appellant was given two appointments to submit to a blood test, he failed to take advantage of these opportunities, and offered insufficient excuses for his failure to comply. Moreover, he was given about five months to either hire an attorney or to request the assignment of an attorney. Further, the appellant was informed that a consequence of an admission of paternity would be the entry of an order obligating him to support the child. Under these circumstances, we find that the appellant's admission of paternity, at the hearing held on September 25, 1987, was voluntarily, knowingly, and intelligently made and sufficient to sustain the order of filiation *(cf., Matter of Shirley D. v Ricardo B.,* 54 AD2d 564; *Matter of Howard v Robinson,* 32 AD2d 837). Mangano, J. P., Lawrence, Rubin and Kooper, JJ., concur.