■ In the Matter of BECKY H. SMITH, Respondent, v RONALD B. WAMSLEY, Appellant. [696 NYS2d 296] —Mikoll, J. P. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered December 10, 1998, which, in a proceeding pursuant to Family Court Act article 5, denied respondent's motion to vacate an order of filiation.

Petitioner commenced a proceeding in February 1997 seeking a declaration of paternity and order of child support for her infant son, Dakotah. Respondent appeared before the Hearing Examiner without an attorney and, after waiving his right to counsel, blood tests and a hearing, admitted paternity. The Hearing Examiner accepted respondent's admission and entered an order of filiation adjudicating respondent to be Dakotah's father. In November 1998, respondent moved to vacate the order of filiation; alternatively, he sought blood tests to determine paternity contending, *inter alia*, that he was given confusing and misleading information concerning the consequences of his failure to testify at a hearing. Family Court found that the Hearing Examiner properly apprised respondent of the applicable law and his rights thereunder, and finding no other reason to relieve respondent from his knowing and voluntary admission of paternity, denied his motion. This appeal ensued.

We affirm. The record establishes that prior to accepting respondent's admission, the Hearing Examiner fully advised respondent of his rights in the proceeding and invited any questions respondent may have had concerning same. Specifically, the Hearing Examiner advised respondent of his right to consult with an attorney of his choice, the possibility of obtaining assigned counsel and the right to an adjournment for that purpose. Further, the Hearing Examiner informed respondent of his right to have blood tests conducted which would either exclude him as the father or establish the likelihood of his paternity, adding that if he could not afford the $180 cost of the blood tests, Delaware County would pay for them and permit respondent to reimburse it over a period of time.

The Hearing Examiner also advised respondent of his right to a trial on the petition, including the opportunity to present witnesses or evidence on his own behalf, and petitioner's obligation to establish paternity by clear and convincing evidence.

Moreover, respondent was informed that while he could testify at the paternity hearing, he could not be required to do so. The Hearing Examiner further explained that his refusal to testify could not be held against him, but would permit the trial court to draw the strongest inference against his position permitted by the opposing evidence in the record. After advising respondent of the foregoing rights and options, the Hearing Examiner inquired whether he had any questions or wished to exercise any of his rights. Respondent responded that he had no questions and chose not to exercise any of the rights explained to him.

Contrary to respondent's arguments on appeal, we find no infirmity in the Hearing Examiner's instructions concerning his right to testify and the consequences of his failure to do so. We are satisfied that respondent was properly advised that while no general inference of paternity could be drawn from his failure to testify, it would allow the trier of fact to draw the strongest possible inference from the record evidence adverse to his position (*see, Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137, 141).

Turning to respondent's contention that a valid waiver of rights must include advisement of the right to cross-examine witnesses, we note first that by failing to raise this claim in Family Court, respondent failed to preserve the issue for our review (*see, Matter of Brian QQ.*, 166 AD2d 749, 750). Even were the claim preserved, we would find it lacking in merit in the absence of a statutory requirement that a valid advisement and waiver of rights include the right to cross-examine witnesses.

Yesawich Jr., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.