■ In the Matter of PATRICIA SIDOTI, Respondent, v MIGUEL VELEZ, Appellant. [718 NYS2d 90] —In a proceeding pursuant to Family Court Act article 5 to establish paternity, Miguel Velez appeals from an order of the Family Court, Westchester County (Jamieson, J.), dated January 4, 2000, which denied his motion to vacate an order of filiation of the same court (Hochberg, H.E.), dated June 22, 1998.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Family Court properly denied the appellant's motion to vacate the order of filiation as the Hearing Examiner properly advised him of his statutory rights before he admitted to paternity of the subject child (see, Matter of McLeod v Emanuel, 268 AD2d 434; see, Matter of Smith v Wamsley, 265 AD2d 663; Matter of Marianne R. v Richard C., 150 AD2d 378, 379). Moreover, the appellant's admission was knowing and voluntary (see, Matter of McLeod v Emanuel, supra). S. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.

■ In the Matter of JAMIE STERN, Appellant, v PHYSICIANS DOMAIN, INC., et al., Respondents. [718 NYS2d 648] —In a proceeding to stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Segal, J.), dated January 14, 2000, which denied the petition.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellant's contention, the Supreme Court properly determined that the underlying disputes between the parties are encompassed within the arbitration clause at issue (see, Pegalis, Wachsman & Erickson v Wachsman, 262 AD2d 381).

The appellant's remaining contentions are without merit. Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.